ORIGINAL

1  Michael S. Lavenant, Esq. -- State Bar No. 198765
   Jennifer R. Komsky, Esq. -- State Bar No. 190228
2  CONSTANGY, BROOKS & SMITH, LLP       ADR
   15760 Ventura Boulevard
3  Suite 1200
   Encino, California 91436
4  Telephone: (818) 986-7561
   Facsimile:  (818) 986-5147
5
   Attorneys for Defendant Sky Chefs, Inc.
6

FILED

MAY 2 5 2012

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

E-filing

7

8              **UNITED STATES DISTRICT COURT**

9             **NORTHERN DISTRICT OF CALIFORNIA**

10

11  CESAR CRUZ, on behalf of himself and      )  CASE NO.:  **C12-02705**
    other similarly situated                   )
12                                             )                                   **DMR**
                 Plaintiff,                    )  **NOTICE OF REMOVAL BY**
13                                             )  **DEFENDANT SKY CHEFS, INC.**
        v.                                     )  **PURSUANT TO 28 U.S.C.**
14                                             )  **SECTIONS 1441, 1446, 1453 AND**
    SKY CHEFS, INC., a corporation; LSG        )  **SECTION 1332(D)(2) CLASS**
15  LUFTHANSA SERVICE HOLDING AG,             )  **ACTION FAIRNESS ACT (CAFA)**
    dba LSG SKY CHEFS, a corporation; and     )
16  DOES 1 to 100, Inclusive.                  )
                                               )
17              Defendants.                    )
                                               )
18                                             )  **FILE BY FAX**
                                               )
19                                             )

20  TO THE CLERK OF THE ABOVE-ENTITLED COURT:

21      PLEASE TAKE NOTICE that Defendant SKY CHEFS, INC. (hereinafter

22  referred to as "Defendant") hereby removes the action entitled Cesar Cruz. v. SKY

23  CHEFS, INC., a corporation; LSG LUFTHANSA SERVICE HOLDING AG, dba

24  LSG SKY CHEFS a corporation; and Does 1-100, Inclusive, Case No. HG12621714,

25  from the Superior Court of the State of California, County of Alameda, to the United

26  States District Court for the Northern District of California.

27

28

                                            1
─────────────────────────────────────────────────────────────────

## I.   GENERAL INFORMATION

1.     On March 16, 2012, an action entitled <u>Cesar Cruz. v. Sky Chefs, Inc., a corporation; LSG LUFTHANSA SERVICE HOLDING AG, dba LSG SKY CHEFS a corporation; and Does 1-100</u>, Inclusive, was filed in the Superior Court of the State of California, County of Alameda, Case No. HG12621714 (hereinafter the "Complaint").  In the Complaint, Plaintiff alleges, among other things, that Defendant (1) failed to pay minimum wage in violation of California Labor Code §§ 1194 and 1197; (2) failed to timely pay for all hours worked in violation of California Labor Code §204; (3) failed to pay overtime wages in violation of California Labor Code §§510, 1194, 1198 and the Wage Order; (4) failed to pay overtime wages at the proper rate in violation of California Labor Code §§510, 1194, 1198 and the Wage Order; (5) failed to provide required meal periods in violation of California Labor Code §§226.7 and 512 and the Wage Order; (6) failed to comply with itemized employee wage statement provisions pursuant to California Labor Code § 226; (7) failed to pay all wages timely upon separation of employment in violation of California Labor Code §§201 and 202; and (8) engaged in unfair business practices in violation of California Business and Professions Code §§ 17200 et seq.  A true and correct copy of the Summons and Complaint from the Alameda County Superior Court is attached hereto as Exhibit A.

2.     Defendant was served with the Complaint on May 10, 2012 via personal service, through its registered agent for service of process (CT Corporation). Defendant is informed and believes that Defendant LSG LUFTHANSA SERVICE HOLDING AG, dba LSG SKY CHEFS has not yet been served with the Complaint.

3.     There is no other defendant, other than SKY CHEFS, INC., and LSG LUFTHANSA SERVICE HOLDING AG, dba LSG SKY CHEFS named in the Complaint.

4.     This Notice to Federal Court of Removal of Civil Action is timely in

2

1   that it is filed within thirty days of the date Defendant was served with the

2   Complaint, as provided by 28 U.S.C. §1446(b).  (See also Fed.R.Civ.P., Rule 6(1)(a)

3   ("in computing any time period specified in . . . any statute . . . include the last day of

4   the period, but if the last day is a Saturday, Sunday, or legal holiday, the period

5   continues to run until the end of the next day that is not a Saturday, Sunday, or legal

6   holiday.")

7        5.    The action is pending in the Alameda County Superior Court.  Venue

8   properly lies in the United States District Court for the Northern District of

9   California pursuant to 28 U.S.C. Sections 84(a), 1391(a), 1441(a), and 1446(a).

10       6.    Intradistrict Assignment. All civil actions arising in the county of

11  Alameda shall be assigned to the San Francisco or Oakland Division.  See N.D. L.R.

12  3-2(d).  Plaintiff filed this case in Alameda County, thus assignment in either the San

13  Francisco or Oakland Division is appropriate.

14  **II.**    **CLASS ACTION FAIRNESS ACT JURISDICTION**

15       7.    Pursuant to Section 4 of the Class Action Fairness Act of 2005

16  ("CAFA"), 28 U.S.C. section 1332(d)(2) has been amended to read, in relevant part:

17         The district courts shall have original jurisdiction of any

18         civil action in which the matter in controversy exceeds

19         the sum or value of $5,000,000, exclusive of interest and

20         costs, and is a class action in which – (A) any member of

21         a class of plaintiffs is a citizen of a State different from

22         any defendant.

23      While there are a number of exceptions to this new rule of original jurisdiction

24  contained in amended 28 U.S.C. Section 1332(d)(3)-(5), none of them are applicable

25  here.  (See Sections C and D, infra.)[i]

26       8.    As will be demonstrated, this Court has jurisdiction over this action

27  pursuant to CAFA, 28 U.S.C. section 1332(d), and this case may be removed by

28

3

1   Defendant pursuant to the provisions of 28 U.S.C. section 1441(a), in that it is a civil
2   class action wherein: (1) the proposed class contains at least 100 members; (2) the
3   defendant is not a state, state official or other governmental entity; (3) the total
4   amount in controversy exceeds $5,000,000; and (4) there is diversity between at least
5   one class member and the defendant. (28 U.S.C. § 1332.)

### A.   Diversity

9.   It appears from the face of the Complaint that at the time of its filing,
Plaintiff Cesar Cruz was a resident of California. (Complaint, ¶ 3.)
Defendant is informed and believes that Plaintiff remains a citizen of the
State of California.

10.   At the time this action was commenced in state court, Defendant was,
and still is, a corporation organized under the laws of the State of Delaware and
maintaining its principal place of business in the State of Texas. (See Declaration of
Jean E. Mercer In Support of Notice of Removal ("Mercer Dec."), ¶5-6; attached
hereto as Exhibit B. Thus, for purposes of determining diversity jurisdiction,
Defendant is not a citizen of the State of California. (28 U.S.C. § 1332 (c)(1))

11.   Defendants designated as DOES 1 through 100 are fictitious defendants,
are not parties to this action, have not been named or served, and are to be
disregarded for the purpose of this removal. (28 U.S.C. § 1441(a); McCabe v.
General Foods Corp., 811 F.2d 1336, 1339 (9th Cir. 1987).)

12.   This civil action, therefore, is an action between citizens of different
States as the named Plaintiff is a citizen of California and Defendant is a citizen for
purposes of this Removal of the states of Delaware and Texas and there is complete
diversity.

13.   This action was initially brought pursuant to California Code of Civil
Procedure Section 382 on behalf of a class. (Complaint ¶ 3.) California Code of
Civil Procedure section 382 is a state statute authorizing an action to be brought by

4

one or more representative persons as a class action. Plaintiff seeks to represent similarly situated employees who currently work for and/or previously worked for Defendant in the State of California. (Complaint ¶ 3.)

## B.   Amount in Controversy

Plaintiff's Complaint indicates that he seeks no more than Four Million Nine Hundred Thousand Dollars ($4,900,000.00) in damages. (Complaint ¶ 2.) The failure of the Complaint to specify the break down for the total amount of damages sought by Plaintiff and the class does not, however, deprive this Court of jurisdiction under the CAFA. Defendant needs only to establish that Plaintiff's claims exceed the jurisdictional minimum. In this instant Complaint, Plaintiff alleges that he is seeking no more than $4,900,000 in *damages*. While this statement may bring into question the adequacy of Plaintiff's ability to represent the interest of the class, this issue can be left open for discussion at the present time. What is important to note is that Plaintiff's prayer for relief contradicts this statement. (Complaint ¶ Prayer for Relief.) In the Prayer for Relief, Plaintiff requests damages, according to proofs, including but not limited to unpaid wages; as well as "any and all legally applicable penalties." (Complaint ¶ Prayer for Relief, p. 25, l. 15-16.) Plaintiff also requests "liquidated damages pursuant to California Labor Code section 1194.2. (Complaint ¶ Prayer for Relief, p. 25, l. 17.) But most importantly, Plaintiff requests "attorneys' fees and costs of suit, including but not limited to that recoverable under California Labor Section 1194. . ." (Complaint ¶ Prayer for Relief, p. 25, l. 20-21. The request for attorneys' fees is repeated in the prayer for relief of the Third Cause of Action, Fourth Cause of Action; and Sixth Cause of Action. The request for any and all legally applicable penalties is repeated in the Second through Seventh Causes of Action. (Complaint ¶ Prayer for Relief.) In ordinary diversity cases, "when there is no direct legal authority for an attorney's fee, a request for a fee cannot be included

5

NOTICE OF REMOVAL TO THE UNITED STATES DISTRICT COURT NORTHERN DISTRICT OF CALIFORNIA
SKY CHEFS, INC.\CRUZ\PLEADINGS\Notice of Removal_Federal (Final).docx\MSL\5/25/2012                    Printed on recycled paper

1  in ... the jurisdictional amount," but "where an underlying statute authorizes an

2  award of attorneys' fees, either with mandatory or discretionary language, such fees

3  may be included in the amount in controversy." (Galt G/S v. JSS Scandinavia, 142

4  F.3d 1150, 1155-56 (9th Cir.1998).) The addition of attorneys' fees for calculation

5  of potential recovery is properly included in the amount in controversy in a class

6  action. (See Gibson v. Chrysler Corp., 261 F.3d 927, 942-43 (9th Cir.2001).)

7  Conservatively reviewing the Complaint, if Plaintiff is correct that he will recover

8  approximately $4,900,000 in damages, he most assuredly request an award of

9  attorneys fees that would, in all likelihood, be higher than $100,000. While

10 Defendant asserts that Plaintiff's allegation of seeking no more than $4,900,000 in

11 the Complaint contradicts his Prayer for Relief – thus allowing for the analysis below

12 which would establish that the true request for recovery would be greater than the

13 amount in controversy threshold, another recognizable manner in which to truly

14 quantify Plaintiff's claim for relief would be to include the attorneys' fees and costs,

15 thus satisfying the amount in controversy requirement.

16      14.   The CAFA authorizes the removal of class actions in which, among the

17 other factors mentioned above, the aggregate amount in controversy for all class

18 members exceeds five million dollars ($5,000,000.00). Defendant denies the validity

19 of Plaintiff's claims and request for relief thereon, but uses the allegations in

20 Plaintiff's Complaint and the claimed damages in order to show that the

21 jurisdictional minimum amount in controversy under the CAFA has been met. In

22 determining the amount in controversy, the Court must consider not only the facts

23 alleged in the complaint—which are to be taken as true for purposes of calculating

24 the amount in controversy—but also "summary judgment type evidence relevant to

25 the amount in controversy at the time of removal." (Valdez v. Allstate Ins. Co., 372

26 F.3d 1115, 1117 (9th Cir.2004).) "[T]he amount in controversy is simply an estimate

27 of the total amount in dispute, not a prospective assessment of defendant's liability."

28

(Lewis v. Verizon Communications, Inc., 627 F.3d 395, 400 (9th Cir.2010).)   In other words, in assessing the amount in controversy, a court must "assume that the allegations of the complaint are true and assume that a jury will return a verdict for the plaintiff on all claims made in the complaint." (Kenneth Rothschild Trust v. Morgan Stanley Dean Witter, 199 F.Supp.2d 993, 1001 (C.D.Cal.2002).)

15.   The putative class, according to the Complaint, consists of individuals who are "current, former and/or future employees of DEFENDANTS who worked, are working, or will work as non-exempt hourly, employees." (Complaint ¶ 3.) Thus, Plaintiff seeks to represent individual who have yet to work for Defendants, those who may suffer some damage in the future, which is inconsistent with his statement that he seeks no more than $4,900,000 in damages. (Complaint ¶2.)

16.   Defendant estimates that at the time of service of the Complaint, it employed 1168 nonexempt employees in the State of California.  From the four-year period from January 1, 2008 through December 31, 2011, there were a total of approximately 2,350 nonexempt employees in the company who worked for Defendant.   (Mercer Dec., ¶7.)   It follows logically that approximately 1200 employees have been employed and subsequently separated from employment with Defendant more than thirty (30) days prior to this Notice of Removal. It is unknown how many employees in the future Plaintiff will seek to cover through this Complaint, but Defendant is an ongoing entity that is certain to hire more employees.

17.   Through Plaintiff's Seventh Cause of Action, the putative class also seeks to recover penalties pursuant to California Labor Code § 203. (Complaint ¶ 84-93).  Penalties under Section 203 may equal an employee's total wages for a thirty-day period. Pursuant to California Labor Code section 203, "[i]f an employer willfully fails to pay ... any wages of an employee who is discharged or who quits, the wages of the employee shall continue as a penalty from the due date hereof at the same rate until paid or until an action therefor is commenced; but the wages shall not

7

1  continue for more than 30 days." Plaintiff is seeking Labor Code section 203
2  damages for the last four years through his Eighth Cause of Action for Unfair
3  Complaint. (See Complaint ¶ 4, 94-97.)   Since Defendant has had 2,350 employees
4  over the course of four years, and only currently employs 1,168 employees, more
5  than 1200 former employees have terminated their employment with Defendant since
6  January 1, 2008 and are, according to Plaintiff's allegations (which Defendant
7  denies), putative members of the Waiting Time Class. (Mercer Dec., ¶7.)  The
8  minimum wage is $8.00 an hour and each of these former employees on average
9  worked approximately an eight hour day. Notably, the class members made more
10  than $8.00 an hour. According to the Complaint, each of these class members would
11  be entitled to thirty-days of pay at their average rate of pay.  Therefore, Plaintiff is
12  demanding at least $2,304,000.00 for the putative members of the Final Wage Class
13  ($64.00 x 30 x 1200).

14      18.  Plaintiff and the class seek through their Sixth Cause of Action, civil
15  penalties of $50 for each aggrieved employee per pay period for each initial
16  violation, and $100 for each aggrieved employee per pay period for each subsequent
17  violation of California Labor Code § 226.  (Complaint ¶ 72-75.)  Pursuant to
18  California Labor Code section 226, "[a]n employee suffering injury as result of a
19  knowing and intentional failure by an employer to comply with subdivision (a) is
20  entitled to recover the greater of all actual damages or fifty dollars ($50) for the
21  initial pay period in which a violation occurs and one hundred dollars ($100) per
22  employee for each violation in a subsequent pay period, not exceeding an aggregate
23  penalty off our thousand dollars ($4,000), and is entitled to an award of costs and
24  reasonable attorney's fees." Here, more than 1200 employees were on Defendant's
25  payroll in each pay period over for the last twelve months. Defendant issues a
26  paycheck and itemized wage statement to each employee on its payroll at least once
27  every other week. Accordingly, over the course of the last twelve months, Defendant

28

NOTICE OF REMOVAL TO THE UNITED STATES DISTRICT COURT NORTHERN DISTRICT OF CALIFORNIA
SKY CHEFS, INC.\CRUZ\PLEADINGS\Notice of Removal_Federal (Final).docx\MSL\5/25/2012                    Printed on recycled paper

1   issued approximately 31,200 paychecks and wage statements to the putative class (26

2   pay periods x 1200 employees). If plaintiff is successful on his claims, the first 1200

3   of these paychecks will result in $60,000.00 in liability for the "initial pay period"

4   (1200 x $50) and the remaining 30,000 paychecks of the year will result in

5   $3,000,000.00 in liability for the "subsequent pay periods" (30,000 x $100), which

6   liability Defendant adamantly denies. Thus the total amount in controversy for the

7   226 class is $3,060,000.00. Therefore, without even adding in potential recovery for

8   attorneys' fees and other penalties there is already $5,364,000.00 at issue.

9   Accordingly, Defendant has demonstrated that the amount in controversy is well

10  over the minimum $5,000,000.00.

11      19.    As outlined above, Plaintiff's initial estimate of damages far exceeds the

12  $5,000,000 jurisdictional minimum amount in controversy required under the CAFA.

13      20.    Defendant provides the foregoing calculations only to demonstrate that

14  the amount in controversy in this case meets or exceeds the amount in controversy

15  requirement of the Act.  The calculations set forth herein are not and should not be

16  construed as admissions with respect to any liability or damages aspect of this case.

17  **C.    The Court Is Not Required to Decline Jurisdiction**

18      21.    CAFA requires district courts to decline to exercise jurisdiction over

19  statewide class actions in certain circumstances.   (28 U.S.C. § 1332(d)(4).)[1]

20  However, unless more than two-thirds of the members of the class and at least one

21  defendant, are from the state in which the action was originally filed, then the district

22  court is not required to decline jurisdiction. Id.

---

23  [1] A district court, in the interests of justice and looking at the totality of the circumstances may
24  decline to exercise jurisdiction in a class action in which greater than one-third but less than two-
    thirds of the members of all proposed plaintiff classes in the aggregate and the primary defendants
    are citizens of the State in which the action was originally filed. (See 28 U.S.C. §1332 (d)(3).)
25  Here plaintiff and putative class are alleged to be residents of California, while Defendant is a
    resident of Delaware or Texas. The district court may also decline in a situation where all of the
26  class and one defendant is a resident of the same state  or the defendants are government entities.
    (See 28 U.S.C. §1332 (d)(4); (5).  Defendant is not a government entity and not a citizen of
27  California

28

NOTICE OF REMOVAL TO THE UNITED STATES DISTRICT COURT NORTHERN DISTRICT OF CALIFORNIA
SKY CHEFS, INC\CRUZ\PLEADINGS\Notice of Removal_Federal (Final).docx\MSL\5/25/2012          Printed on recycled paper

**D.    The Exercise of Jurisdiction Here is Not Discretionary.**

22.    CAFA permits district courts to decline to exercise jurisdiction over statewide class actions in only limited circumstances. 28 U.S.C. § 1332(d)(3). A court is required to weigh various policy concerns ~, interstate interests, choice of law, forum shopping) to determine whether it will exercise jurisdiction only where "greater than one-third but less than two-thirds of the members" of the class and the primary defendants "are citizens of the State in which the action was originally filed." Id. Here, Defendant is not a citizen of California and the entire class is within California, so the Court is not required to weigh competing interests in order to determine whether it should assert jurisdiction

23.    As Defendant was first put on notice that Plaintiff and the putative class sought more than $5,000,000 in damages on May 10, 2012 through the service of Plaintiff's Complaint this Notice of Removal was filed within 30 days, removal under the CAFA is timely and this Court has jurisdiction over this matter.

**II.    CONCLUSION**

24.    Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being filed with the clerk of the Superior Court of California, County of Alameda.

25.    Pursuant to 28 U.S.C. § 1446(d), Defendant is providing written notice to Plaintiff and counsel. Defendant attaches all pleadings and documents filed in this matter in the Superior Court of California, County of Alameda.

WHEREFORE, Defendant removes the action now pending against it in the Superior Court of the State of California, County of Alameda, to this Honorable Court, and requests that this Court retain jurisdiction for all further proceedings.

Dated: May 23, 2012                    CONSTANGY, BROOKS & SMITH, LLP
                                        A Law Corporation

                                        By: _____
                                            Michael S. Lavenant, Esq.
                                            Attorney for Defendant, Sky Chefs, Inc.

10

# EXHIBIT A

# SUMMONS
## (CITACION JUDICIAL)

**SUM-100**

**NOTICE TO DEFENDANT:** SKY CHEFS, INC., a corporation;
*(AVISO AL DEMANDADO):* LSG LUFTHANSA SERVICE HOLDING AG,
dba LSG SKY CHEFS, a corporation; and DOES 1 to 100,
Inclusive.

**YOU ARE BEING SUED BY PLAINTIFF:** CESAR CRUZ, on behalf
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):* of himself and
others similarly situated

| FOR COURT USE ONLY |
| --- |
| *(SOLO PARA USO DE LA CORTE)* |

**ENDORSED
FILED
ALAMEDA COUNTY**

**MAR 1 6 2012**

CLERK OF THE SUPERIOR COURT
By **M WILLIAMS**
Deputy

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*
SUPERIOR COURT OF CALIFORNIA, HAYWARD CIVIL COURT
24405 AMADOR STREET
24405 AMADOR STREET
HAYWARD, CA 94544

| CASE NUMBER: |
| --- |
| *(Número del Caso):* |
| **HG12621714** |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
JOSEPH LAVI (STATE BAR NO. 209776)      (310) 432-0000  (310) 432-0001
LAVI & EBRAHIMIAN, LLP
8889 W. OLYMPIC BLVD., SUITE 200
BEVERLY HILLS, CA 90211

DATE: **MAR 1 6 2012**  **PAT S. SWEETEN**  Clerk, by **M WILLIAMS**  , Deputy
*(Fecha)*  *(Secretario)*  *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. ▭ as an individual defendant.
2. ▭ as the person sued under the fictitious name of *(specify):*

3. ▭ on behalf of *(specify):*

   under: ▭ CCP 416.10 (corporation)  ▭ CCP 416.60 (minor)
         ▭ CCP 416.20 (defunct corporation)  ▭ CCP 416.70 (conservatee)
         ▭ CCP 416.40 (association or partnership)  ▭ CCP 416.90 (authorized person)
         ▭ other *(specify):*
4. ▭ by personal delivery on *(date):*

Page 1 of 1



1   Joseph Lavi, Esq. (State Bar No. 209776)
    Leonard H. Sansanowicz, Esq. (State Bar No. 255729)

2   **LAVI & EBRAHIMIAN, LLP**
    8889 W. Olympic Blvd., Suite 200

3   Beverly Hills, California 90211
    Telephone (310) 432-0000

4   Facsimile (310) 432-0001

5   Sahag Majarian, II, Esq.  (State Bar No. 146621)
    **LAW OFFICE OF SAHAG MAJARIAN, II**

6   18250 Ventura Blvd.
    Tarzana, California 91356

7   Telephone (818) 609-08-07
    Facsimile (818) 609-0892

8   Attorneys for PLAINTIFF CESAR CRUZ,

9   on behalf of himself and others similarly situated

**ORIGINAL**

**FILED**
ALAMEDA COUNTY

MAR 1 6 2012

CLERK OF THE SUPERIOR COURT
By _MWilliams_
               **Deputy**

10         SUPERIOR COURT OF THE STATE OF CALIFORNIA

11            FOR THE COUNTY OF ALAMEDA

12

13   CESAR CRUZ, on behalf of himself and others
    similarly situated

14

15           PLAINTIFF,

16

17   vs.

18

19

20   SKY   CHEFS,   INC.,   a  corporation;  LSG
    LUFTHANSA  SERVICE  HOLDING  AG,  dba

21   LSG SKY CHEFS, a corporation; and DOES 1
    to 100, Inclusive.

22

23

24          DEFENDANTS.

25

26

27

28

Case No.: **HG12621714**

**CLASS ACTION**

**PLAINTIFF   CESAR   CRUZ'S
COMPLAINT  FOR  DAMAGES  AND
RESTITUTION AND FOR:**

1.  **FAILURE  TO  PAY  WAGES  AT
MINIMUM  WAGE  RATE  FOR
ALL     TIME     WORKED,     IN
VIOLATION  LABOR  CODE  §§
1194 AND 1197**

2.  **FAILURE    TO    PAY    EARNED
WAGES   FOR   ALL   TIME
WORKED,  IN  VIOLATION  OF
LABOR CODE § 204**

3.  **FAILURE  TO  PAY  WAGES  AT
THE OVERTIME RATE FOR ALL
TIME  WORKED,  IN  VIOLATION
OF LABOR CODE §§ 510, 1194,
AND 1198**

4.  **FAILURE  TO  PAY  OVERTIME
WAGES AT THE PROPER RATE
BY    NOT    INCLUDING    ALL
FORMS  OF  REMUNERATION  IN
CALCULATING  THE  OVERTIME
RATE OF PAY, IN VIOLATION**

OF LABOR CODE §§ 510, 1194, AND 1198

5.    **FAILURE TO PROVIDE SECOND MEAL PERIODS OR PAY MEAL PERIOD WAGES, IN VIOLATION OF LABOR CODE §§ 512 AND 226.7**

6.    **FAILURE TO PROVIDE ACCURATE WAGE STATEMENTS, IN VIOLATION OF LABOR CODE § 226**

7.    **FAILURE TO TIMELY PAY FINAL WAGES, IN VIOLATION OF LABOR CODE §§ 201 AND 202**

8.    **VIOLATION OF BUS. & PROF. CODE § 17200,** *et seq.*

**DEMAND FOR JURY TRIAL**

NOW COMES Plaintiff CESAR CRUZ ("PLAINTIFF") alleges and complains against defendants SKY CHEFS, INC. (hereinafter, "SKY CHEFS"), LSG LUFTHANSA SERVICE HOLDING AG, dba LSG SKY CHEFS (hereinafter, "LSG SKY CHEFS"), and DOES 1 to 100, inclusive (hereinafter collectively referred to as "DEFENDANTS"), as follows:

### INTRODUCTION

1.    This is a class action lawsuit seeking unpaid wages and interest thereon for unpaid wages, including minimum wage, unpaid overtime wages, improperly calculated overtime wages, unpaid meal and rest period wages, statutory penalties for failure to provide accurate wage statements, waiting time penalties in the form of continuation wages for failure to timely pay employees, injunctive relief and other equitable relief, reasonable attorney's fees and costs pursuant to California Labor Code sections 226(e) and 1194, and interest brought on behalf of PLAINTIFF and others similarly situated.

### JURISDICTION AND VENUE

1.    This Court has jurisdiction over Plaintiff's and the Class Members' claims for unpaid wages at minimum wage, regular rate, or overtime pay; unpaid overtime wages; improperly calculated overtime wages, wages to compensate employees for workdays DEFENDANTS failed to

1   provide meal periods; statutory penalties for failure to provide accurate wage statements; waiting

2   time penalties in the form of continuation wages for failure to timely pay employees; and claims for

3   restitution under Business & Professions Code section 17200 *et seq.* because DEFENDANTS

4   operate throughout California, including Oakland.

5       2.    This Court also has jurisdiction over Plaintiff's and the Class Members' claims

6   because Plaintiff and the Class Members seek no more than Four Million Nine Hundred Thousand

7   Dollars ($4,900,000.00) in damages.

8                                   **PARTIES**

9       3.    Plaintiff brings this action on behalf of himself and other members of the general

10   public similarly-situated. The named Plaintiff and the class of persons on whose behalf this action

11   is filed are current, former and/or future employees of DEFENDANTS who worked, are working, or

12   will work as non-exempt hourly, employees. At all times mentioned herein, the currently named

13   Plaintiff is and was a resident of California and was employed in a non-exempt position by

14   DEFENDANTS during the liability period as an assembler.

15       4.    Plaintiff is informed and believes and thereon alleges that there exists such a unity of

16   interest and ownership between SKY CHEFS and LSG SKY CHEFS that the individuality and

17   separateness of SKY CHEFS and LSG SKY CHEFS have ceased to exist. The business affairs of

18   SKY CHEFS and LSG SKY CHEFS are, and at all times relevant hereto were, so mixed and

19   intermingled that the same cannot reasonably be segregated, and the same are in inextricable

20   confusion. Defendant SKY CHEFS is, and at all times relevant hereto was, used by LSG SKY

21   CHEFS as a mere shell and conduit for the conduct of LSG SKY CHEFS's affairs and was

22   undercapitalized during such use. The recognition of the separate existence of SKY CHEFS and

23   LSG SKY CHEFS would not promote justice, in that it would permit SKY CHEFS and LSG SKY

24   CHEFS to insulate themselves from liability to Plaintiff. Accordingly, SKY CHEFS and LSG SKY

25   CHEFS constitute the alter ego of each other and the fiction of their separate existence must be

26   disregarded.

27       5.    Plaintiff is informed and believes and thereon alleges that there exists such a unity of

28   interest and ownership between SKY CHEFS, LSG SKY CHEFS and DOES 1-100 that the

1   individuality and separateness of DEFENDANTS have ceased to exist. The business affairs of

2   DEFENDANTS are, and at all times relevant hereto were, so mixed and intermingled that the same

3   cannot reasonably be segregated, and the same are in inextricable confusion. DEFENDANTS SKY

4   CHEFS and LSG SKY CHEFS are, and at all times relevant hereto were, used by DEFENDANTS

5   DOES 1-100, as a mere shell and conduit for the conduct of DEFENDANTS DOES 1-100's affairs

6   and were undercapitalized during such use. The recognition of the separate existence of

7   DEFENDANTS would not promote justice, in that it would permit DEFENDANTS to insulate

8   themselves from liability to Plaintiff. Accordingly, DEFENDANTS constitute the alter ego of each

9   other and the fiction of their separate existence must be disregarded.

10       6.      Plaintiff is informed and believes and thereon alleges that defendants DOES 1

11  through 100 are corporations, or are other business entities or organizations of a nature unknown to

12  Plaintiff. Plaintiff is unaware of the true names of defendants Does 1 through 100. Plaintiff sues

13  said DEFENDANTS by said fictitious names, and will amend this complaint when the true names

14  and capacities are ascertained or when such facts pertaining to liability are ascertained, or as

15  permitted by law or by the Court. Plaintiff is informed and believes that each of the fictitiously

16  named DEFENDANTS is in some manner responsible for the events and allegations set forth in this

17  complaint.

18       7.      Plaintiff is informed, believes, and thereon alleges that at all relevant times, each

19  defendant was an employer, was the principal, agent, partner, joint venturer, officer, director,

20  controlling shareholder, subsidiary, affiliate, parent corporation, successor in interest and/or

21  predecessor in interest of some or all of the other DEFENDANTS, and was engaged with some or

22  all of the other DEFENDANTS in a joint enterprise for profit, and bore such other relationships to

23  some or all of the other DEFENDANTS so as to be liable for their conduct with respect to the

24  matters alleged in this complaint. Plaintiff is further informed and believes and thereon alleges that

25  each defendant acted pursuant to and within the scope of the relationships alleged above, and that at

26  all relevant times, each defendant knew or should have known about, authorized, ratified, adopted,

27  approved, controlled, aided and abetted the conduct of all other DEFENDANTS. As used in this

28  complaint, "Defendant" means "DEFENDANTS and each of them," and refers to the

1   DEFENDANTS named in the particular cause of action in which the word appears and includes

2   SKY CHEFS, LSG SKY CHEFS, and DOES 1 through 100.

3       8.    At all times mentioned herein, each Defendant was the co-conspirator, agent, servant,

4   employee, and/or joint venturer of each of the other DEFENDANTS and was acting within the

5   course and scope of said conspiracy, agency, employment, and/or joint venture and with the

6   permission and consent of each of the other DEFENDANTS.

7       9.    Plaintiff makes the allegations in this complaint without any admission that, as to any

8   particular allegation, Plaintiff bears the burden of pleading, proving, or persuading and Plaintiff

9   reserves all of Plaintiff rights to plead in the alternative.

10            **DESCRIPTION OF ILLEGAL PAY PRACTICES**

11       10.    Pursuant to the applicable Industrial Welfare Commission Wage Order ("Wage

12   Order"), codified at California Code of Regulations title 8, section 11050, DEFENDANTS and

13   business entities sued as DOES 1-100 are employers of Plaintiff within the meaning of the

14   applicable Wage Order and applicable California Labor Code sections. Therefore, each of these

15   defendants is jointly and severally liable for the wrongs complained of herein in violation of the

16   California Wage Order and Labor Code.

17       11.    **Failure to pay wages for all hours worked at the legal minimum wage rate:**

18   DEFENDANTS employ many of their employees, including Plaintiff, as non-exempt employees. In

19   California, an employer is required to pay an employee for all 'hours worked," which includes every

20   minute that an employee is under control of the employer.

21       12.    California Labor Code sections 1194 and 1197 require that an employer compensate

22   employees for "hours worked" at least at a minimum wage rate of pay as established by the wage

23   orders.

24       13.    Despite the fact that California law requires employers to pay employees for all hours

25   worked at least at a minimum wage rate, DEFENDANTS engaged, suffered or permitted their

26   employees to work time for which they did not compensate the employees.   Specifically,

27   DEFENDANTS have, and at all relevant times had, a policy and an electronic time keeping system

28   in which they "rounded" the time Plaintiff and other similarly situated employees clocked in and out

1   time such that DEFENDANTS failed to pay Plaintiff and other similarly situated employees for all

2   the time the employees worked, which inured to the benefit of DEFENDANTS, the employees'

3   employers. This resulted in non-exempt employees working time which was not compensated by

4   wages, including minimum wage, in violation of California Labor Code sections 1194 and 1197,

5   and the applicable Wage Order.

6          14.    **Failure to pay wages for all hours worked at the employee's hourly rate of pay:**

7   DEFENDANTS have, and at all relevant times had, a policy and an electronic time keeping system

8   in which they "rounded" the time Plaintiff and other similarly situated employees clocked in and out

9   such that DEFNEDANTS failed to pay Plaintiff and other similarly situated employees for all the

10  time the employees worked, which inured to the benefit of DEFENDANTS, the employees'

11  employers.

12         15.    California Labor Code section 204 requires that an employer compensate employees

13  all wages earned between the 1st and 15th days, inclusive, of any calendar month must be paid no

14  later than the 26th day of the month during which the labor was performed, and wages earned

15  between the 16th and last day of the month must be paid by the 10th day of the following month.

16         16.    Despite the fact that California law requires employers to pay employees for all

17  earned wages, DEFENDANTS failed to pay employees their earned wages for all the time

18  DEFENDANTS engaged, suffered or permitted employees to work. This resulted in non-exempt

19  employees working time for which they should have been paid their earned wages at their regular

20  rates of pay but instead were not compensated any wages at all, in violation of California Labor

21  Code section 204.

22         17.    **Failure to pay wages for all hours worked at the employee's overtime rate of**

23  **pay:** DEFENDANTS have, and at all relevant times had, a policy and an electronic time

24  keeping system in which they "rounded" the time Plaintiff and other similarly situated employees

25  clocked in and out such that DEFNEDANTS failed to pay PLAINTIFF and other similarly situated

26  employees for all the time the employees worked, which inured to the benefit of DEFENDANTS,

27  the employees' employers.

28         18.    California Labor Code sections 510 and 1194 require an employer to compensate

---

**COMPLAINT FOR DAMAGES**

employees a higher rate of pay for hours worked in excess of eight hours in a workday, 40 hours in a workweek, and on any seventh consecutive day of work in a workweek.

> Any work in excess of eight hours in one workday and any work in excess of 40 hours in any one workweek and the first eight hours worked on the seventh day of work in any one workweek shall be compensated at the rate of no less than one and one-half times the regular rate of pay for an employee. Any work in excess of 12 hours in one day shall be compensated at the rate of no less than twice the regular rate of pay for an employee. In addition, any work in excess of eight hours on any seventh day of a workweek shall be compensated at the rate of no less than twice the regular rate of pay of an employee.

(Cal. Lab. Code §510.)

19.     Further, California Labor Code section 1198 provides,

The maximum hours of work and the standard conditions of labor fixed by the commission shall be the maximum hours of work and the standard conditions of labor for employees. The employment of any employee for longer hours than those fixed by the order or under conditions of labor prohibited by the order is unlawful.

20.     Despite the fact that California law requires employers to pay employees for all hours worked and at a higher rate of pay when those hours fall during work periods in excess of eight hours in a workday and 40 hours in a workweek; DEFENDANTS failed to pay employees wages for all time the employees were subject to DEFENDANTS' control. To the extent the employees had already worked eight hours in a workday or 40 hours in a workweek, the employees should have been paid overtime for this unpaid time. This resulted in non-exempt employees working time which should have been paid at the legal overtime rate, but was not paid any wages in violation of California Labor Code sections 510, 1194, and 1198, and the Wage Order.

21.     **Failure to include commissions, bonuses, and/or incentive pay in calculating the rate of overtime compensation for non-exempt employees:** DEFENDANTS employ many of their employees—including the named Plaintiff and all others similarly-situated—with a compensation structure that includes (*inter alia*) both an hourly wage as well as bonus and incentive pay. At times, Plaintiff and the class of current and former employees on whose behalf this action is filed worked overtime hours under state law.

22.    Under California law, in determining the regular rate of pay for purposes of calculating the proper overtime premium pay an employer must consider not only straight hourly wage compensation but also other forms of compensation (including commissions, bonuses, etc.).

23.    California Labor Code section 200 defines wages as "all amounts for labor performed by employees of every description, whether the amount is fixed or ascertained by the standard of time, task, piece, commission basis or other method of calculation." Given California's definition of "wages," the California Division of Labor Standards Enforcement (DLSE) Enforcement Policies and Interpretations Manual explains: "In California, as with the federal FLSA, overtime is computed based on the regular rate of pay.  The regular rate of pay includes many different kinds of remuneration, for example: hourly earnings, salary, piece work earnings, commissions, certain bonuses, and the value of meals and lodging."  DLSE 2002 Enforcement Policies & Interpretations Manual, §49.1.2.

24.    DEFENDANTS paid their employees certain non-discretionary bonuses for hours the employees worked within the meaning of the Wage Order.

25.    Despite the fact that California law require employers to include commissions as part of the regular rate for determining overtime premium pay, DEFENDANTS entirely excluded bonuses and other incentives earned by their employees in calculating the overtime premium pay rates, in violation of California Labor Code sections 510, 1194, and 1198.

26.    **Failure to pay non-exempt employees wages to compensate them for workdays DEFENDANTS failed to provide second meal periods:** DEFENDANTS often employ their non-exempt employees, including the named Plaintiff and all others similarly-situated, for shifts longer than five (5) hours in length.

27.    California law requires an employer to provide an employee an uninterrupted meal period of no less than 30-minutes before the end of a 5-hour work period. (Cal. Lab. Code §512; Wage Order §11.)  If the employee is not relieved of all duty during a meal period, the meal period shall be considered an "on duty" meal period and counted as time worked. A paid "on duty" meal period is only permitted when 1) the nature of the work prevents an employee from being relieved of all duty and 2) the parties have a written agreement agreeing to on duty meal periods.

28.     If the employee is not free to leave the work premises or worksite during the meal period, even if the employee is relieved of all other duty during the meal period, the employee is subject to the employer's control and the meal period is counted as time worked.

29.     If an employer fails to provide an employee a meal period in accordance with the law, the employer must pay the employee one hour of pay at the employee's regular rate of compensation for each work day that a legally required meal period was not provided or was not duty-free. *Id.*

30.     Plaintiff and similarly situated employees worked on workdays in shifts long enough to entitle them to 2nd meal periods under California law. DEFENDANTS employed a policy and procedure which did not provide for 2nd meal periods.

31.     DEFENDANTS also failed to provide wages to Plaintiff and similarly situated employees to compensate them for each workday they did not receive a legally required duty-free meal period. DEFENDANTS employed policies and procedures which ensured Plaintiff and similarly situated employees would not receive a legally required meal period.

32.     DEFENDANTS employed policies and procedures which ensured Plaintiff and similarly situated employees did not receive any wages to compensate them for workdays that they did not receive all legally required meal periods.

33.     This practice resulted in Plaintiff and all other similarly situated employees not receiving wages to compensate them for workdays which DEFENDANTS did not provide them with duty-free meal periods in compliance with California law.

34.     **Pay Stub Violations:** California Labor Code section 226(a) provides, *inter alia*, that upon paying an employee his or her wages an employer must "furnish each of his or her employees ... an itemized statement in writing showing (1) gross wages earned, (2) total hours worked by the employee, except for any employee whose compensation is solely based on a salary and who is exempt from payment of overtime under subdivision (a) of Section 515 or any applicable order of the Industrial Welfare Commission, (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all deductions, provided, that all deductions made on written orders of the employee may be aggregated and shown as one item, (5)

net wages earned, (6) the inclusive dates of the pay period for which the employee is paid, (7) the name of the employee and his or her social security number, (8) the name and address of the legal entity that is the employer, and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee."

35. DEFENDANTS failed to provide accurate wages statements to Plaintiff and similarly situated employees who worked hours which were not compensated; who worked overtime hours without receiving the proper premiums; who should have received wages for missed meal periods; and/or who should have received wages for missed rest periods.

2. **Failure to Pay California Employees All Wages Due at Time of Termination/Resignation**: An employer is required to pay all unpaid wages timely after an employee's employment ends. The wages are due immediately upon termination (Cal. Lab. Code §201) or within 72 hours of resignation (Cal. Lab. Code §202).

3. Because DEFENDANTS failed to pay Plaintiff and other similarly situated employees their wages (including unpaid work; unpaid overtime wages; improperly calculated overtime wages; unpaid meal period wages; and unpaid rest period wages), DEFENDANTS failed to pay those employees timely after each employee's termination and/or resignation.

V. **CLASS DEFINITIONS AND CLASS ALLEGATIONS**

4. Plaintiff brings this action on behalf of himself, on behalf of all others similarly situated, and on behalf of the General Public, and as a member of a Class defined as follows:

A. **Minimum Wage Class**: All current and former non-exempt employees employed by DEFENDANTS in California at any time within the four years prior to the filing of the initial complaint in this action and through the date notice is mailed to a certified class, who were under control of DEFENDANTS during time they were engaged, suffered or permitted to work and DEFENDANTS did not pay wages for that time at least at the legal minimum wage rate.

B. **Earned Wages Class**: All current and former non-exempt employees employed by DEFENDANTS in California at any time within the four years prior to the filing of the initial complaint in this action and through the date notice is mailed to a certified class who were under control of DEFENDANTS during time they were engaged, suffered or permitted to work and

1    DEFENDANTS did not pay those earned wages at the employees' regular rate of pay.

2            C.    **Overtime Class**: All current and former non-exempt employees employed by
3    DEFENDANTS in California at any time within the four years prior to the filing of the initial
4    complaint in this action and through the date notice is mailed to a certified class, who were under
5    control of DEFENDANTS during time they were engaged, suffered or permitted to work and on
6    workdays they had already worked in excess of eight hours in a workday or 40 hours in a workweek
7    and DEFENDANTS did not pay overtime wages for that time.

8            D.    **Bonus Class**: All current and former non-exempt employees employed by
9    DEFENDANTS in California at any time within the four years prior to the filing of the initial
10   complaint in this action and through the date notice is mailed to a certified class, who were under
11   control of DEFENDANTS during time they were engaged, suffered or permitted to work and who
12   received non-discretionary bonuses yet DEFENDANTS failed to include the bonuses and/or other
13   forms of remuneration when calculating the rates of employees' overtime wages.

14           E.    **Meal Period Class**: All current and former non-exempt employees employed
15   by DEFENDANTS in California at any time within the four years prior to the filing of the initial
16   complaint in this action and through the date notice is mailed to a certified class who worked
17   without all the uninterrupted, duty-free meal periods to which they were entitled due to
18   DEFENDANTS' policies, practices and procedures.

19           F.    **Wage Statement Class**: All current and former non-exempt employees
20   employed by DEFENDANTS in California at any time within the four years prior to the filing of the
21   initial complaint in this action through the date notice is mailed to a certified class who received
22   inaccurate or incomplete wage statements.

23           G.    **Waiting Time Class**: All current and former non-exempt employees
24   employed by DEFENDANTS in California at any time within the four years prior to the filing of the
25   initial complaint in this action through the date notice is mailed to a certified class who did not
26   receive payment of all unpaid wages with the statutory time period.

27           H.    **California Class**: All aforementioned classes are hereby collectively referred
28   to as the "California Class".

**COMPLAINT FOR DAMAGES**
11

5.      There is a well-defined community of interest in the litigation and the classes are ascertainable:

(A)     **Numerosity**: The Plaintiff classes are so numerous that the individual joinder of all members is impractical under the circumstances of this case.

(B)     **Common Questions Predominate**: Common questions of law and fact exist as to all members of the Plaintiff classes and predominate over any questions that affect only individual members of each class. The common questions of law and fact include, but are not limited to:

i.      Whether DEFENDANTS violated California Labor Code sections 1194 and 1197 by not paying employees their wages at a minimum wage rate for time that the Minimum Wage Class Members were engaged in work but were not paid;

ii.     Whether DEFENDANTS violated California Labor Code section 204 by not paying employees their earned wages at their regular rate of pay for time the Earned Wages Class Members were engaged in work but were not paid;

iii.    Whether DEFENDANTS violated California Labor Code sections 510, 1194 and 1198 by not paying the Overtime Class Members for time worked during work periods they had already worked in excess of eight hours in a workday or 40 hours in a workweek in a workweek;

iv.     Whether DEFENDANTS violated California Labor Code sections 510, 1194 and 1198 by not including all forms of remuneration when calculating the rates of overtime wages for the Bonus Class Members;

v.      Whether DEFENDANTS violated the Wage Order and California Labor Code sections 226.7 and 512 by employing members of the Meal Period Class without all required meal periods;

vi.     Whether DEFENDANTS violated California Labor Code section 226 by failing to provide the Wage Statement Class Members with accurate itemized statements at the time they received their itemized statements;

vii.    Whether DEFENDANTS violated California Labor Code sections 201

1  and 202 by failing to provide the Waiting Time Class Members with all of their wages as well as

2  their last wages within the Statutory time period;

3          viii.    Whether DEFENDANTS committed unlawful business acts or

4  practice within the meaning of California Business and Professions Code section 17200 *et seq.*;

5          ix.    Whether California Class Members are entitled to unpaid wages,

6  penalties and other relief in conjunction with their claims;

7          x.    Whether, as a consequence of Defendant's unlawful conduct,

8  California Class Members are entitled to restitution, and/or equitable relief; and

9          xi.    Whether Defendant's affirmative defenses, if any, raise any common

10  issues of law or fact as to Plaintiff, and California Class Members as a whole.

11          **Typicality:** Plaintiff's claims are typical of the claims of the class members in each

12  of the classes. Plaintiff and the members of the Minimum Wage Class sustained damages arising

13  out of DEFENDANTS' failure to pay at least minimum wage for all time worked. Plaintiff and the

14  members of the Earned Wages Class sustained damages arising out of DEFENDANTS' failure to

15  pay earned contractual wages for all time worked. Plaintiff and the members of the Overtime Class

16  sustained damages arising out of DEFENDANTS' failure to pay overtime wages for all overtime

17  time worked.  Plaintiff and members of the Bonus Class sustained damages arising out of

18  DEFENDANTS' failure to include all forms of remuneration when calculating rates of overtime

19  wages.  Plaintiff and members of the Meal Period Class sustained damages arising out of

20  DEFENDANTS failure to pay wages for workdays DEFENDANTS failed to provide all required

21  uninterrupted duty-free meal periods. Plaintiff and the members of the Wage Statement Class

22  sustained damages arising out of DEFENDANTS' failure to furnish them with accurate itemized

23  wage statements in compliance with California Labor Code section 226. Plaintiff and the members

24  of the Waiting Time Class sustained damages arising out of DEFENDANTS' failure to provide all

25  unpaid wages due upon the end of their employment.

26          (C)    **Adequacy of Representation**: Plaintiff will fairly and adequately protect the

27  interests of the members of each class. Plaintiff has no interest that is adverse to the interests of the

28  other class members.

---

(D)    **Superiority:**  A class action is superior to other available means for the fair and efficient adjudication of this controversy. Because individual joinder of all members of each class is impractical, class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of effort and expense that numerous individual actions would engender. The expenses and burdens of individual litigation would make it difficult or impossible for individual members of each class to redress the wrongs done to them, while important public interests will be served by addressing the matter as a class action. The cost to and burden on the court system of adjudication of individualized litigation would be substantial, and substantially more than the costs and burdens of a class action.  Individualized litigation would also present the potential for inconsistent or contradictory judgments.

36.    **Public Policy Consideration:** Employers throughout the state violate wage and hour laws. Current employees often are afraid to assert their rights out of fear of direct or indirect retaliation.  Former employees fear bringing actions because they perceive their former employers can blacklist them in their future endeavors through negative references and by other means. Class actions provide the class members who are not named in the complaint with a type of anonymity that allows for vindication of their rights.

## FIRST CAUSE OF ACTION

### FAILURE TO PAY WAGES FOR COMPENSABLE WORK AT MINIMUM WAGE, IN

### VIOLATION OF CALIFORNIA LABOR CODE SECTIONS 1194 AND 1197

### (Against All DEFENDANTS by the Minimum Wage Class)

37.    Plaintiff hereby incorporates by reference paragraphs 1-36 above, as if fully set herein by reference.

38.    At all times relevant to this Complaint, Plaintiff and members of the Minimum Wage Class were non-exempt employees of DEFENDANTS covered by California Labor Code sections 1194 and 1197.

39.    Pursuant to California Labor Code sections 1194 and 1197 and the Wage Order, Plaintiff and Minimum Wage Class Members are entitled to receive wages for all hours worked and

1   those wages must be paid at least at the minimum wage rate in effect during the time the employees

2   earned the wages.

3       40.     DEFENDANTS'  payroll  policies,  practices  and  procedures  precluded

4   DEFENDANTS from paying Minimum Wage Class Members for all times worked.

5       41.     DEFENDANTS' unlawful conduct alleged herein occurred in the course of

6   employment of Plaintiff and all others similarly situated and such conduct has continued through the

7   filing of this Complaint.

8       42.     As a result of DEFENDANTS' unlawful conduct, Plaintiff and members of the

9   Minimum Wage Class have suffered damages in an amount subject to proof, to the extent that they

10  were not paid wages at the minimum wage rate for all hours worked.

11      43.     Pursuant to California Labor Code section 1194, Plaintiff and the Minimum Wage

12  Class Members are entitled to recover unpaid minimum wage, interest thereon, and attorneys' fees

13  and costs.

14      44.     Pursuant to California Labor Code section 1194.2, Plaintiff and the Minimum Wage

15  Class Members are entitled to liquidated damages in amount equal to the unpaid minimum wage,

16  plus interest thereon.

17                              **SECOND CAUSE OF ACTION**

18  **FAILURE TO PAY EARNED WAGES FOR COMPENSABLE TIME, IN VIOLATION OF**

19                   **CALIFORNIA LABOR CODE SECTION 204**

20          **(Against All DEFENDANTS by the Earned Wages Class)**

21      45.     Plaintiff hereby incorporates by reference paragraphs 1-44 above, as if fully set

22  herein by reference.

23      46.     At all times relevant to this Complaint, Plaintiff and the members of the Earned

24  Wages Class were non-exempt employees of DEFENDANTS covered by California Labor Code

25  section 204.

26      47.     Pursuant to California Labor Code section 204, Plaintiff and the Earned Wages Class

27  were entitled to receive their earned wages for all hours worked timely each month.

28      48.     DEFENDANTS'  payroll  policies,  practices  and  procedures  precluded

                              **COMPLAINT FOR DAMAGES**
                                        15

1 DEFENDANTS from paying the Earned Wages Class Members for all time worked.

2     49.    DEFENDANTS' unlawful conduct alleged herein occurred in the course of

3 employment of Plaintiff and all others similarly situated and such conduct has continued through the

4 filing of this Complaint.

5     50.    As a result of DEFENDANTS' unlawful conduct, Plaintiff and members of the

6 Earned Wages have suffered damages in an amount subject to proof, to the extent that they were not

7 paid wages at their regular rate of pay for all hours worked.

8     51.    Pursuant to California Labor Code section 204, Plaintiff and the Earned Wages

9 Class Members are entitled to recover all unpaid wages at their regular rate of pay, and interest

10 thereon.

11 **THIRD CAUSE OF ACTION**

12 **FAILURE TO PAY OVERTIME WAGES, IN VIOLATION OF CALIFORNIA LABOR**

13 **CODE SECTIONS 510, 1194, AND 1198, AND THE WAGE ORDER**

14 **(Against All DEFENDANTS by the Overtime Class)**

15     52.    Plaintiff hereby incorporates by reference paragraphs 1-51 above, as if fully set

16 herein by reference.

17     53.    At all times relevant to this Complaint, Plaintiff and the members of the Overtime

18 Class were non-exempt employees of DEFENDANTS covered by California Labor Code sections

19 510, 1194 and 1198, and the Wage Order.

20     54.    Pursuant to California Labor Code sections 510, 1194, and 1198, and the Wage

21 Order, non-exempt employees are entitled to receive a higher rate of pay for all hours worked in

22 excess of 8 hours in a workday or 40 hours in a workweek.

23     55.    California Labor Code section 510, subdivision (a), states in relevant part:

24         Eight hours of labor constitutes a day's work. Any work in excess of

25         eight hours in one workday and any work in excess of 40 hours in any
        one workweek and the first eight hours worked on the seventh day of

26         work in any one workweek shall be compensated at the rate of no less
        than one and one-half times the regular rate of pay for an employee.

27         Any work in excess of 12 hours in one day shall be compensated at
        the rate of no less than twice the regular rate of pay for an employee.

28

In addition, any work in excess of eight hours on any seventh day of a workweek shall be compensated at the rate of no less than twice the regular rate of pay of an employee. Nothing in this section requires an employer to combine more than one rate of overtime compensation in order to calculate the amount to be paid to an employee for any hour of overtime work.

56. DEFENDANTS' payroll policies, practices and procedures precluded paying Overtime Class Members for all overtime hours worked. This unpaid time often occurred in work periods during which Overtime Class Members already had worked at least eight hours in a workday or 40 hours in a workweek. To the extent the unpaid work occurred during such work periods such that it forced the Class Members to work overtime hours during a pay period, DEFENDANTS were required to pay employees wages at an overtime rate of pay. DEFENDANTS' payroll policies, practices and procedures were to not pay the Overtime Class Members overtime wages for all their time worked.

57. DEFENDANTS' unlawful conduct alleged herein occurred in the course of employment of Plaintiff and all others similarly situated and such conduct has continued through the filing of this Complaint.

58. As a result of DEFENDANTS' unlawful conduct, Plaintiff and Overtime Class Members have suffered damages in an amount subject to proof, to the extent that they were not paid wages at an overtime rate of pay for all hours worked which constitute overtime.

59. Pursuant to California Labor Code section 1194, Plaintiff and the Overtime Class members are entitled to recover the full amount of their unpaid overtime wages, prejudgment interest and attorneys' fees and costs.

## FOURTH CAUSE OF ACTION

### FAILURE TO PAY OVERTIME WAGES AT THE PROPER RATE, IN VIOLATION OF CALIFORNIA LABOR CODE SECTIONS 510, 1194, AND 1198, AND THE WAGE ORDER

### (Against All DEFENDANTS by the Bonus Class)

60. Plaintiff hereby incorporates by reference paragraphs 1-59 above, as if fully set herein by reference.

61. At all times relevant to this Complaint, Plaintiff and the members of the Bonus

Class were non-exempt employees of DEFENDANTS covered by California Labor Code sections 510, 1194 and 1198, and the Wage Order.

62. Under California law, the determination of the regular rate of pay for purposes of determining premium overtime pay must include the employee's commissions, bonuses or other non-hourly compensation.

63. Plaintiff alleges he and the Bonus Class Members worked for DEFENDANTS during shifts that consisted of more than eight (8) hours in a workday and/or more than forty (40) hours in a workweek. Plaintiff further alleges DEFENDANTS paid him and the Bonus Class Members overtime compensation for such hours that did not include their commission, bonus or other income as part of the determination of the regular rate upon which the premium pay would be calculated.

64. Therefore, Plaintiff alleges wages are due to him and to the Bonus Class Members for all hours worked but not paid proper overtime compensation, as described above. Plaintiff demands for himself, and for the class, all applicable payment of such overtime wages with interest thereon, and all applicable reimbursement and penalties for lost wages, including all appropriate penalties and interest.

65. Plaintiff also is entitled to, and seeks on behalf of himself and all others similarly-situated, all reasonable attorney's fees and costs of suit pursuant to Labor Code section 1194.

## FIFTH CAUSE OF ACTION

### FAILURE TO PROVIDE REQUIRED MEAL PERIODS, IN VIOLATION OF

### CALIFORNIA LABOR CODE SECTIONS 226.7 AND 512 AND THE WAGE ORDER

### (Against All DEFENDANTS by the Meal Period Class)

66. Plaintiff incorporates paragraphs 1 through 65 above as though fully set forth herein.

67. California law requires an employer to provide an employee an uninterrupted meal period of no less than 30-minutes before the end of a 5-hour work period. Cal. Lab. Code §512; Wage Order §11. An employer may not employ an employee for a work period of more than 10 hours per day without providing the employee with a second meal period of not less than 30 minutes. *Id.* If the employee is not relieved of all duty during a meal period, the meal period shall be considered an "on duty" meal period and counted as time worked. A paid "on duty" meal period

1   is permitted only when 1) the nature of the work prevents an employee from being relieved of all

2   duty and 2) the parties have a written agreement agreeing to on duty meal periods. If the employee

3   is not free to leave the work premises or worksite during the meal period, even if the employee is

4   relieved of all other duty during the meal period, the employee is subject to the employer's control

5   and the meal period is counted as time worked. If an employer fails to provide an employee a meal

6   period in accordance with the law, the employer must pay the employee one hour of pay at the

7   employee's regular rate of compensation for each workday that a legally required meal period was

8   not provided or was not duty free. *Id.*

9        68.    Plaintiff and similarly situated employees would work on workdays in shifts long

10   enough to entitle them to 1st and/or 2nd meal periods under California law. Despite that California

11   law requires employers to provide employees with duty-free meal periods when they have worked a

12   sufficient amount of hours, DEFENDANTS failed to provide their employees with all required meal

13   periods.

14        69.    DEFENDANTS also failed to pay wages to Plaintiff and similarly situated

15   employees to compensate them for workdays in which they did not receive all their legally required

16   duty-free meal periods. DEFENDANTS employed policies, practices and procedures which ensured

17   employees would not receive a 1st and/or 2nd legally required meal periods. DEFENDANTS

18   employed policies, practices and procedures which ensured employees did not receive any wages to

19   compensate them for workdays they worked without all legally required meal periods. This practice

20   resulted in Plaintiff and all other similarly situated employees not receiving wages to compensate

21   them for workdays in which DEFENDANTS did not provide them with a 30-minute duty-free meal

22   period in compliance with California law.

23        70.    DEFENDANTS' policies, practices and procedures made it impossible for

24   DEFENDANTS to provide Plaintiff and other Meal Period Class Members all legally required meal

25   periods to which they were entitled.

26        71.    DEFENDANTS' unlawful conduct alleged herein occurred in the course of

27   employment of Plaintiff and all others similarly situated and such conduct has continued through the

28   filing of this Complaint.

72. Because DEFENDANTS failed to provide proper meal periods, they are liable to Plaintiff and the Meal Period Class Members for one hour of additional pay at the regular rates of compensation for each workday they failed to provide at least one required meal period, pursuant to California Labor Code section 226.7 and Wage Orders.

73. Plaintiff, on behalf of himself and on behalf of the Meal Period Class, seeks damages and all other relief allowable, including one hour of meal period wages for each workday in which DEFENDANTS failed to provide all required meal periods, plus pre-judgment interest.

## SIXTH CAUSE OF ACTION

### FAILURE TO PROVIDE COMPLETE AND ACCURATE WAGE STATEMENTS IN

### VIOLATION OF CALIFORNIA LABOR CODE SECTION 226

### (Against All DEFENDANTS by the Wage Statement Class)

74. Plaintiff incorporates paragraphs 1 through 73 of this complaint as if fully alleged herein.

75. At all relevant times, Plaintiff and the other members of the Wage Statement Class were non-exempt employees of DEFENDANTS covered by California Labor Code section 226.

76. Pursuant to California Labor Code section 226, subdivision (a), Plaintiff and the other members of the class were entitled to receive, semimonthly or at the time of each payment of wages, an itemized wage statement accurately stating the following:

(1) gross wages earned, (2) total hours worked by the employee, except for any employee whose compensation is solely based on a salary and who is exempt from payment of overtime under subdivision (a) of Section 515 or any applicable order of the Industrial Welfare Commission, (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and his or her social security number, except that by January 1, 2008, only the last four digits of his or her social security number or an employee identification number other than a social security number may be shown on the itemized statement, (8) the name and address of the legal entity that is the employer, and (9) all applicable hourly rates in

effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee.

77.    DEFENDANTS' illegal wage practices, including but not limited to DEFENDANTS' failure to pay proper overtime, resulted in DEFENDANTS providing their hourly employees with inaccurate itemized wage statements in violation of California Labor Code section 226.

78.    DEFENDANTS provided Plaintiff and members of the Wage Statement Class with itemized statements which stated inaccurate information including, but not limited to, the gross and net pay, and all applicable hourly rates and earnings at each rate.

79.    DEFENDANTS' failure to provide Plaintiff and members of the Wage Statement Class with accurate wage statements was knowing and intentional. DEFENDANTS had the ability to provide Plaintiff and members of the Wage Statement Class with accurate wage statements but intentionally provided wage statements that DEFENDANTS knew were not accurate. DEFENDANTS knowingly and intentionally put in place practices which deprived employees of wages and resulted in Defendant's knowing and intentional providing of inaccurate wage statements. These practices included DEFENDANTS improper payment of overtime, failure to include all hours worked.

80.    As a result of DEFENDANTS' unlawful conduct, Plaintiff and members of the Wage Statement Class have suffered injury. The absence of accurate information on their wage statements has prevented earlier challenges to DEFENDANTS' unlawful pay practices, will require discovery and mathematical computations to determine the amount of wages owed, and will cause difficulty and expense in attempting to reconstruct time and pay records. DEFENDANTS' conduct led to the submission of inaccurate information about wages and amounts deducted from wages to state and federal government agencies. As a result, Plaintiff and similarly situated employees are required to participate in this lawsuit and create more difficulty and expense for Plaintiff and similarly situated employees from having to reconstruct time and pay records than if DEFENDANTS had complied with their legal obligations.

81.    Pursuant to California Labor Code section 226(e), Plaintiff and members of the Wage Statement Class are entitled to recover fifty dollars for the initial pay period in which a

1   violation of California Labor Code section 226 occurred and one hundred dollars for each violation

2   of California Labor Code section 226 in a subsequent pay period, not to exceed an aggregate penalty

3   of four thousand dollars per employee.

4       82.    Pursuant to California Labor Code section 226(g), Plaintiff and members of the

5   Wage Statement Class are entitled to bring an action for injunctive relief to ensure DEFENDANTS'

6   compliance with California Labor Code section 226(a). Injunctive relief is warranted because

7   DEFENDANTS continue to provide currently employed members of the Wage Statement Class

8   with inaccurate wage statements in violation of California Labor Code section 226(a) and currently

9   employed members of the Wage Statement Class have no adequate legal remedy for the continuing

10  injuries that will be suffered as a result of DEFENDANTS' ongoing unlawful conduct. Injunctive

11  relief is the only remedy available for ensuring DEFENDANTS' compliance with California Labor

12  Code section 226(a).

13      83.    Pursuant to California Labor Code sections 226(e) and 226(g), Plaintiff and members

14  of the Wage Statement Class are entitled to recover the full amount of penalties due under

15  California Labor Code section 226(e), reasonable attorney fees and costs of suit.

16  **SEVENTH CAUSE OF ACTION**

17  **FAILURE TO PAY ALL WAGES TIMELY UPON SEPARATION OF EMPLOYMENT IN**

18  **VIOLATION OF CALIFORNIA LABOR CODE SECTIONS 201 AND 202**

19  **(Against All DEFENDANTS by the Waiting Time Class)**

20      84.    Plaintiff incorporates paragraphs 1 through 83 of this complaint as if fully alleged

21  herein.

22      85.    At all relevant times, Plaintiff and the other members of the Waiting Time Class

23  were employees of DEFENDANTS covered by California Labor Code sections 201 or 202.

24      86.    Pursuant to California Labor Code sections 201 or 202, Plaintiff and members of the

25  Waiting Time Class were entitled upon termination to timely payment of all wages earned and

26  unpaid prior to termination. Discharged employees were entitled to payment of all wages earned

27  and unpaid prior to discharge immediately upon termination. Employees who resigned were entitled

28  to payment of all wages earned and unpaid prior to resignation within 72 hours after giving notice of

resignation or, if they gave 72 hours previous notice, they were entitled to payment of all wages earned and unpaid prior to resignation at the time of resignation.

87.     DEFENDANTS failed to pay Plaintiff and members of the Waiting Time Class all wages earned and unpaid prior to termination in accordance with Labor Code sections 201 or 202. Plaintiff is informed and believes and thereon alleges that at all relevant times within the limitations period applicable to this cause of action, DEFENDANTS maintained a policy or practice of not paying hourly employees upon separation of employment wages for all unpaid wages and/or not paying them final wages timely upon separation of employment.

88.     DEFENDANTS' failure to pay Plaintiff and members of the Waiting Time Class all wages earned prior to termination timely in accordance with California Labor Code sections 201 or 202 was willful. DEFENDANTS had the ability to pay all wages earned by hourly workers prior to termination in accordance with California Labor Code sections 201 or 202, but intentionally adopted policies, practices or procedures incompatible with the requirements of California Labor Code sections 201 or 202. DEFENDANTS practices include failing to pay wages for preparatory and concluding work, failing to properly calculate and pay all overtime and failing to pay wages for workdays employees did not received meal periods in compliance with California law. When DEFENDANTS failed to pay hourly workers timely upon their separation of employment all wages earned prior to termination, DEFENDANTS knew what they were doing and intended to do what they did.  These unpaid wages included all unpaid minimum wage, contractual wages, overtime, meal period and rest period wages, and improperly calculated overtime wages.

89.     Pursuant to California Labor Code sections 201 or 202, Plaintiff and Waiting Time Class Members are entitled to all wages earned prior to separation of employment that DEFENDANTS did not pay them.

90.     Pursuant to California Labor Code section 203, Plaintiff and members of the Waiting Time Class are entitled to continuation of their wages from the day their earned and unpaid wages were due upon separation of employment until paid, up to a maximum of 30 days.

91.     As a result of DEFENDANTS conduct, Plaintiff and members of the Waiting Time Class have suffered damages in an amount, subject to proof, to the extent they were not paid for all

1    wages earned prior to termination.

2        92.    As a result of DEFENDANTS conduct, Plaintiff and members of the Waiting Time

3    Class have suffered damages in an amount, subject to proof, to the extent they were not paid all

4    continuation wages owed under California Labor Code section 203.

5        93.    Pursuant to California Labor Code sections 201-203, Plaintiff and members of the

6    Waiting Time Class are entitled to recover the full amount of their unpaid wages, continuation

7    wages under Section 203, and interest thereon.

8                          **EIGHTH CAUSE OF ACTION**

9                            **UNFAIR COMPETITION**

10                **(Against All DEFENDANTS by the California Class)**

11       94.    Plaintiff incorporates paragraphs 1 through 93 of this complaint as if fully alleged

12   herein.

13       95.    The unlawful conduct of DEFENDANTS alleged herein constitutes unfair

14   competition within the meaning of California Business and Professions Code section 17200. This

15   unfair conduct includes DEFENDANTS' use of policies, practices and procedures which resulted in

16   failing to pay employees for all hours which they worked, including overtime, improperly

17   calculating the amount of overtime compensation due to employees who earned bonuses and other

18   forms of remuneration, failing to pay meal period wages, failing to pay rest period wages, failing to

19   provide accurate wage and hour statements, and untimely payment of all unpaid wages after

20   separation of employment. Due to DEFENDANTS' unfair and unlawful business practices in

21   violation of the California Labor Code, DEFENDANTS have gained a competitive advantage over

22   other comparable companies doing business in the State of California that comply with their

23   obligations to pay employees for all hours worked.

24       96.    As a result of DEFENDANTS' unfair competition as alleged herein, Plaintiff and

25   members of the Minimum Wage Class, Earned Wages Class, Overtime Class, Bonus Class, Meal

26   Period Class, and Rest Period Class have suffered injury in fact and lost money or property, as

27   described in more detail above.

28       97.    Pursuant to California Business and Professions Code section 17203, Plaintiff and

1    members of the Minimum Wage Class, Earned Wages Class, Overtime Class, Bonus Class, Meal
2    Period Class, and Rest Period Class are entitled to restitution of all wages and other monies
3    rightfully belonging to them that DEFENDANTS failed to pay them and wrongfully retained by
4    means of their unlawful and unfair business practices.  Plaintiff also seeks an injunction against
5    DEFENDANTS on behalf of the California Class enjoining them, and any and all persons acting in
6    concert with them, from engaging in each of the unlawful practices, policies and patterns set forth
7    herein.

8

9                                **PRAYER FOR RELIEF**

10         WHEREFORE, PLAINTIFF prays for relief and judgment against DEFENDANTS as
11   follows:

12                        **ON THE FIRST CAUSE OF ACTION:**

13         1.     That DEFENDANTS be found to have violated the minimum wage provisions of the
14   California Labor Code and the Wage Order as to Plaintiff and the Minimum Wage Class;

15         2.     For damages, according to proof, including but not limited to unpaid wages;

16         3.     For any and all legally applicable penalties;

17         4.     For liquidated damages pursuant to California Labor Code section 1194.2;

18         5.     For pre-judgment interest, including but not limited to that recoverable under
19   California Labor Code section 1194, and post-judgment interest;

20         6.     For attorneys' fees and costs of suit, including but not limited to that recoverable
21   under California Labor Code section 1194; and,

22         7.     For such and other further relief, in law and/or equity, as the Court deems just or
23   appropriate.

24                        **ON THE SECOND CAUSE OF ACTION:**

25         1.     That DEFENDANTS be found to have violated the provisions of the California
26   Labor Code and the Wage Order as to Plaintiff and the Earned Wages Class;

27         2.     For damages, according to proof, including but not limited to unpaid wages;

28         3.     For any and all legally applicable penalties;

---

4.     For pre-judgment interest, including but not limited to that recoverable under California Labor Code section 218.6, and post-judgment interest;

5.     For such and other further relief, in law and/or equity, as the Court deems just or appropriate.

### ON THE THIRD CAUSE OF ACTION:

1.     That DEFENDANTS be found to have violated the overtime provisions of the California Labor Code and the Wage Order as to Plaintiff and the Overtime Class;

2.     For damages, according to proof, including but not limited to unpaid wages;

3.     For any and all legally applicable penalties;

4.     For pre-judgment interest, including but not limited to that recoverable under California Labor Code section 1194, and post-judgment interest;

5.     For attorneys' fees and costs of suit, including but not limited to that recoverable under California Labor Code section 1194; and,

6.     For such and other further relief, in law and/or equity, as the Court deems just or appropriate.

### ON THE FOURTH CAUSE OF ACTION:

1.     That DEFENDANTS be found to have violated the overtime provisions of the California Labor Code and the Wage Order as to Plaintiff and the Bonus Class yet have failed to include all forms of remuneration in calculating the rates of overtime pay for Plaintiff and the Bonus Class;

2.     For damages, according to proof, including but not limited to unpaid wages;

3.     For any and all legally applicable penalties;

4.     For pre-judgment interest, including but not limited to that recoverable under California Labor Code section 1194, and post-judgment interest;

5.     For attorneys' fees and costs of suit, including but not limited to that recoverable under California Labor Code section 1194; and,

6.     For such and other further relief, in law and/or equity, as the Court deems just or appropriate.

**ON THE FIFTH CAUSE OF ACTION:**

1.     That DEFENDANTS be found to have violated the meal period provisions of the California Labor Code and the Wage Order as to Plaintiff and the Meal Period Class;

2.     For damages, according to proof, including unpaid wages;

3.     For any and all legally applicable penalties;

4.     For pre-judgment interest, including but not limited to that recoverable under California Labor Code section 218.6, and post-judgment interest; and

5.     For such and other further relief, in law and/or equity, as the Court deems just or appropriate.

**ON THE SIXTH CAUSE OF ACTION:**

1.     That DEFENDANTS be found to have violated the provisions of the California Labor Code regarding proper itemized paystubs as to Plaintiff and the Wage Statement Class;

2.     For damages and/or penalties, according to proof, including damages and/or statutory penalties under California Labor Code section 226(e) and any other legally applicable damages or penalties;

3.     For pre-judgment interest and post-judgment interest;

4.     For attorneys' fees and costs of suit, including but not limited to those recoverable under California Labor Code section 226(e); and,

5.     For such and other further relief, in law and/or equity, as the Court deems just or appropriate.

**ON THE SEVENTH CAUSE OF ACTION:**

1.     That DEFENDANTS be found to have violated the provisions of the California Labor Code regarding payment of wages due upon separation of employment as to Plaintiff and the Waiting Time Class;

2.     For damages and/or penalties, according to proof, including damages and/or statutory penalties under California Labor Code section 203 and any other legally applicable damages or penalties;

3.     For pre-judgment interest, including under California Labor Code section 218.6, and

post-judgment interest; and,

4.   For such and other further relief, in law and/or equity, as the Court deems just or appropriate.

## ON THE EIGHTH CAUSE OF ACTION:

1.   That DEFENDANTS be found to have violated California Business and Professions Code section 17200, *et seq.*, for the conduct alleged herein as to Plaintiff and the California Class;

2.   A declaratory judgment that the practices complained herein are unlawful;

3.   An injunction against DEFENDANTS enjoining them, and any and all persons acting in concert with them, from engaging in each of the unlawful practices, policies and patterns set forth herein;

4.   For restitution to the full extent permitted by law; and,

5.   For such and other further relief, in law and/or equity, as the Court deems just or appropriate.

Dated: March 14, 2012

Respectfully submitted,

LAVI & EBRAHIMIAN, LLP

By: _____

Joseph Lavi, Esq.
Leonard H. Sansanowicz, Esq.
Attorneys for PLAINTIFF CESAR CRUZ
and others similarly situated

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

## DEMAND FOR TRIAL BY JURY

PLAINTIFF CESAR CRUZ hereby demands trial by jury.

Dated: March 14, 2012

Respectfully submitted,

LAVI & EBRAHIMIAN, LLP

By: _____
  Joseph Lavi, Esq.
  Leonard H. Sansanowicz, Esq.
  Attorneys for PLAINTIFF CESAR CRUZ
  and others similarly situated

**EXHIBIT B**

1  Michael S. Lavenant, Esq. -- State Bar No. 198765
   Jennifer R. Komsky, Esq. – State Bar No. 190228
2  CONSTANGY, BROOKS & SMITH, LLP
   15760 Ventura Boulevard
3  Suite 1200
   Encino, California 91436
4  Telephone: (818) 986-7561
   Facsimile: (818) 986-5147
5
   Attorneys for Defendant Sky Chefs, Inc.
6

7

8                 UNITED STATES DISTRICT COURT

9              NORTHERN DISTRICT OF CALIFORNIA

10

11  CESAR CRUZ, on behalf of himself and      )   CASE NO.:
    other similarly situated                  )
12                                            )   DECLARATION OF JEAN E.
            Plaintiff,                         )   MERCER IN SUPPORT OF
13                                            )   DEFENDANT'S NOTICE OF
        v.                                    )   REMOVAL OF CIVIL ACTION
14                                            )   PURSUANT TO 28 U.S.C.
    SKY CHEFS, INC., a corporation; LSG       )   SECTIONS 1441, 1446, 1453 AND
15  LUFTHANSA SERVICE HOLDING AG,             )   SECTION 1332(D)(2) CLASS
    dba LSG SKY CHEFS, a corporation; and     )   ACTION FAIRNESS ACT (CAFA)
16  DOES 1 to 100, Inclusive.                 )
                                              )
17          Defendants.                        )
                                              )
18                                            )

19

20      I, Jean E. Mercer, hereby declare and state as follows:

21      1.      I am a Director of Human Resources Services and Solutions employed

22  by Sky Chefs, Inc. ("Sky Chefs"). My office is located at 6191 North State Highway

23  161, Irving, Texas, in Sky Chefs' corporate headquarters. I have been employed by

24  Sky Chefs for 15 years and am familiar with Sky Chefs' operations. In my position,

25

26

27                                      1

28  DECLARATION IN SUPPORT OF NOTICE OF REMOVAL TO THE NORTHERN DISTRICT OF CALIFORNIA
    SKY CHEFS, INC.\CRUZ\PLEADINGS\DeclsSupportDeclaration in Support of
    Removal_Federal.docx\MSL\5/25/2012                                    Printed on recycled paper

I have access to information and data related to Sky Chefs' business operations and personnel decisions.

2.     This declaration is based on my personal knowledge and on business records created and maintained by Sky Chefs in the regular course of business. With respect to those business records, the entries are made in a timely manner by people with knowledge of the information, and it is the regular practice of Sky Chefs' business to maintain such records.  In my position, I have access to all of the corporate information that is included in this declaration.  If called upon to testify as to the facts set forth in this declaration, I could and would competently testify to them.

3.     I am familiar with the Complaint in the lawsuit filed by former Sky Chefs employee Cesar Cruz in the Superior Court for the County of Alameda, California.

4.     Sky Chefs operates facilities throughout the United States, including a facility in Oakland, California. Mr. Cruz was formerly employed at Sky Chefs' San Francisco facility.   According to our records, Mr. Cruz was employed as an Assembler.

5.     Sky Chefs is incorporated in the State of Delaware.

6.     The leadership of Sky Chefs is found at our Texas headquarters.  The major executive and administrative operations for Sky Chefs are found in Irving,

Printed on recycled paper

Texas. That is where the President and other corporate leaders have their offices and spend most of their working time. The core executive and administrative functions for Sky Chefs are carried out in Texas. Sky Chefs' overall executive and administrative functions are not found in the State of California.

7. On the date April 24, 2012, there were 1168 non-exempt employees (including active and those on leave of absence) in the state of California. From January 1, 2008 – December 31, 2011 we had 2,350 employees in California (during that time frame). From January 1, 2011 through December 31, 2011, Sky Chefs had more than 1,200 employees at any given time during that year.

I declare under penalty of perjury under the laws of the State of California and the United States that the foregoing is true and correct. This declaration was executed on May 25, 2012, at Irving, Texas.

Jean E. Mercer

DECLARATION IN SUPPORT OF NOTICE OF REMOVAL TO THE NORTHERN DISTRICT OF CALIFORNIA

SKY CHEFS, INC.\CRUZ\PLEADINGS\DeclnSupportDeclaration in Support of Removal_Federal.docx\MS1\5/25/2012

Printed on recycled paper

# PROOF OF SERVICE
## STATE OF CALIFORNIA, COUNTY OF LOS ANGELES
### CASE NAME: Cesar Cruz v. Sky Chefs, Inc.
### CASE NO:

*I declare as follows:*

I am employed in the County of Los Angeles, California. I am over the age of 18 years, and not a party to the within action; my business address is 15760 Ventura Boulevard, Suite 1200, Encino, California 91436. I am readily familiar with my employer's business practice for collection and processing of correspondence for mailing with the United States Postal Service. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing affidavit.

On May 25, 2012, I served a true and correct copy, with all exhibits, of the following documents described as:

**NOTICE OF REMOVAL BY DEFENDANT SKY CHEFS, INC. PURSUANT TO 28 U.S.C. SECTIONS 1441, 1446, 1453 AND SECTION 1332(D)(2) CLASS ACTION FAIRNESS ACT (CAFA);  CIVIL CASE COVER SHEET**

☐   On the party or parties named below, by personally delivering a true copy thereof on _____ at approximately _____ at Sherman Oaks, California. Accepted by:_____ (Personal service)

✓   on the party or parties named below, by following ordinary business practice, placing a true copy thereof enclosed in a sealed envelope, for collection and mailing with the United States Postal Service, where it would be deposited for first class delivery, postage fully prepaid, in the United States Postal Service, that same day in the ordinary course of business, addressed as set forth below. (Regular office deposit)

☐   on the interested parties in the within action by placing the above documents in the United States mail for Express Mail delivery at 15760 Ventura Boulevard, Encino, California 91436 in a sealed envelope, with Express Mail postage thereon fully prepaid; by depositing copies of the above documents in a box or other facility regularly maintained by Federal Express, in an envelope or package designated by Federal Express Airbill No. ***, with delivery fees paid by sender's account. (Code of Civil Procedure §1013(c).) (Overnight delivery service)

1

1  ☐  on the interested parties in the within action by transmitting via facsimile
2      machine to the name(s) and facsimile number(s) set forth below.  (Facsimile)

3      Joseph Lavi, Esq.
4      LAVI & EBRAHIMIAN, LLP
       8889 W. Olympic Blvd., Suite 200
5      Beverly Hills, CA 90211
6      Tel: (310) 432-0000 Fax: (310) 432-
       0001
7      Attorneys for Plaintiff

8          I certify under penalty of perjury under the laws of the State of California that
9      the foregoing is true and correct and that this declaration was executed on May 25,
10     2012, at Encino, California.

11

12                                                    By:    DIANA RAMIREZ
13     By: _____                       Type or Print Name of Declarant
            Signature of Declarant
14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

2

PROOF OF SERVICE