1 | Michael S. Lavenant, Esq. -- State Bar No. 198765
2 | Jennifer R. Komsky, Esq. – State Bar No. 190228
  | CONSTANGY, BROOKS & SMITH, LLP
3 | 15760 Ventura Boulevard
  | Suite 1200
4 | Encino, California 91436
  | Telephone: (818) 986-7561
5 | Facsimile:  (818) 986-5147

6 | Attorneys for Defendant
7 | SKY CHEFS, INC.

8 | **UNITED STATES DISTRICT COURT**

9 | **NORTHERN DISTRICT OF CALIFORNIA**

10

11 | CESAR CRUZ, on behalf of himself and ) Case No. C12-02705 DMR
   | other similarly situated )
12 |                                     )
   |          Plaintiff,                 ) **NOTICE OF MOTION AND**
13 |                                     ) **MOTION TO DISMISS**
   |     v.                              ) **PLAINTIFF'S FIRST AMENDED**
14 |                                     ) **COMPLAINT PURSUANT TO**
   | SKY CHEFS, INC., a corporation; LSG ) **F.R.C.P. 12(b)(1)**
15 | LUFTHANSA SERVICE HOLDING AG, )
   | dba LSG SKY CHEFS, a corporation; and ) **Date: November 15, 2012**
16 | DOES 1 to 100, Inclusive. ) **Time:  11:00 a.m.**
   |                                     ) **Courtroom:  4**
17 |          Defendants.                )
   |                                     )
18 |                                     )
   |                                     )
19 |

20 | **TO PLAINTIFF AND TO HIS ATTORNEYS OF RECORD:**

21 |         PLEASE TAKE NOTICE that on **Thursday, November 15, 2012, at 11:00**

22 | **a.m.,** or as soon thereafter as the matter may be heard in Courtroom No. 4of the

23 | above-entitled Court, located at 1301 Clay Street, Oakland, CA 94612, Defendant

24 | SKY CHEFS, INC. ("Sky Chefs") will and hereby does move this Court for the

25 | following relief pursuant to Federal Rules of Civil Procedure 12(b)(1):

26 | / / /

27 | / / /

28 | / / /

1

NOTICE OF MOTION AND MOTION TO DISMISS FIRST AMENDED COMPLAINT PURSUANT TO F.R.C.P. 12(b)(1)

1     1)        An Order dismissing Plaintiff's First Amended Complaint

2              ("FAC") against Sky Chefs with prejudice for lack of subject

3              matter jurisdiction.

4       This Motion is brought on the grounds that the causes of action in Plaintiff's

5 FAC are preempted by the exclusive grievance provisions of the federal Railway

6 Labor Act, 45 U.S.C. section 151 *et seq.* (the "RLA"), which is applicable to the

7 airline industry.  Sky Chefs primarily provides in-flight catering services to

8 numerous airline companies in the United States and it is a wholly-owned subsidiary

9 of Deutsche Lufthansa AG, which owns and operates Lufthansa Airlines.  (*See*

10 Declaration of Franklin Bruce Murray ("Murray Decl."), ¶¶ 5-8.)  Accordingly, Sky

11 Chefs is subject to the RLA.

12       This Motion is based upon this Notice, the Memorandum of Points and

13 Authorities, the Declaration of Sumithra Rao, Esq., and such other oral and

14 documentary evidence as may be presented to the Court at or before the hearing on

15 this Motion.

16

17 Date:  October 5, 2012        **CONSTANGY, BROOKS & SMITH LLP**

18

19

20               By:    /s/_____

                     MICHAEL S. LAVENANT, ESQ.

21                      SUMITHRA R. ROBERTS, ESQ.

                     Attorneys for Defendant,

22                     SKY CHEFS, INC.

23

24

25

26

27

28

NOTICE OF MOTION AND MOTION TO DISMISS FIRST AMENDED COMPLAINT PURSUANT TO F.R.C.P. 12(b)(1)

## MEMORANDUM OF POINTS AND AUTHORITIES

I.   **INTRODUCTION**

This Motion arises out of a First Amended Complaint ("FAC") filed by Plaintiff CESAR CRUZ ("Plaintiff") and removed to the above-entitled Court by Defendant SKY CHEFS, INC. ("Defendant" or "Sky Chefs") on May 25, 2012.  In his Complaint, Plaintiff alleges the following claims:  1) Failure to pay minimum wage; 2) Failure to pay all wages owed; 3) Failure to pay overtime wages; 4) Failure to pay overtime at the correct rate by not including bonus pay and incentive pay in the calculation; 5) Failure to provide a second meal period for employees working shifts of 10 hours or longer; 6) Failure to provide accurate wage statements; 7) Failure to timely pay final wages; 8) Unfair Competition; and 9) Civil penalties pursuant to Labor Code §2698.

Sky Chefs now brings the instant Motion to Dismiss Plaintiff's FAC on the grounds that the causes of action contained therein are preempted by the federal Railway Labor Act.  Accordingly, Federal Rule of Civil Procedure 12(h)(3) requires this Court to dismiss Plaintiff's FAC with prejudice.

II.   **STATEMENT OF RELEVANT FACTS**

A.   **The Business of Sky Chefs**

Sky Chefs was originally established in 1942 as a wholly-owned subsidiary of American Airlines, and is currently a wholly-owned subsidiary of Deutsche Lufthansa AG, a German entity, which owns and operates Lufthansa Airlines. (*See* Declaration of Franklin Bruce Murray ("Murray Decl."), ¶5.)  The Company's primary function was, and continues to be, the provision of in-flight food and beverage catering services to hundreds of airline carriers in the United States. (*See* Murray Decl., ¶6.)

Sky Chefs also maintains approximately 40 kitchens on or near most major airports throughout the United States. (*See* Murray Decl., ¶7.)  Further, the contracting carrier, whether United, Delta, or American, exercises significant control

3

1  in Sky Chefs' daily operations, including dictating food preparation and often the

2  precise menus, staying in contact with Sky Chefs via a computer system, conducting

3  unannounced kitchen and other inspections conducted, implementation specific rules

4  applicable to the employees' performance of services, training of certain employees,

5  and recommendation of discipline and termination of certain employees.  (*See*

6  Murray Decl., ¶8.)

7  **B.   Plaintiff's Collective Bargaining Agreement with Sky Chefs**

8  Plaintiff Cesar Cruz was hired by Sky Chefs in approximately July of 1996 as

9  an assembler for Sky Chefs.  (*See* Murray Decl., ¶2.)  At all times during Plaintiff's

10  employment with Sky Chefs, he was a member of the Unite Here International Union

11  (SFO/Unit 1692).  (*See* Murray Decl., ¶3.)  At all times during his employment with

12  Sky Chefs, Plaintiff's relationship with Sky Chefs was governed by a Collective

13  Bargaining Agreement ("CBA") entered into between Sky Chefs and Unite Here on

14  June 12, 2008.  (*See* Murray Decl., ¶4, Ex. A.)  The CBA specifically covers the

15  wages and working conditions associated with Plaintiff's employment, including

16  base pay, incentive pay, hours of work, overtime and meal periods.  (*Id.*)

17  **III.   APPLICABLE STANDARD OF REVIEW ON A MOTION TO DISMISS**

18  **FOR LACK OF SUBJECT MATTER JURISDICTION**

19  Federal Rule of Civil Procedure 12(b) provides: "Every defense, in law or fact,

20  to a claim for relief in any pleading, whether a claim, counterclaim, cross-claim, or

21  third-party claim, shall be asserted in the responsive pleading thereto if one is

22  required, except that the following defenses may at the option of the pleader be made

23  by motion ... (1) lack of jurisdiction over the subject matter ..." (Fed. R. Civ. P.

24  12(b)(1).)  On a motion to dismiss pursuant to Federal Rules of Civil Procedure

25  12(b)(1), a district court will accept all factual allegations of the complaint as true

26  and draw reasonable inferences in favor of the non-moving party.  (*Balistreri v.*

27  *Pacifica Police Dept.*, 901 F. 2d 696, 699 (9th Cir. 1988).)  Rule 12 (b) (1) is

28  designed to screen out cases wherein the court lacks subject matter jurisdiction.

4

1 (*Thornhill Publishing Co. v. General Tel. & Electronics*, 594 F.2d 730, 733 (9th Cir.

2 1979).)

3      Lack of subject matter jurisdiction is a proper basis for a motion to dismiss,

4 and such grounds for a motion to dismiss can never be waived. (*See* F.R.C.P.

5 12(h)(3).)  A motion to dismiss for lack of subject matter jurisdiction can be raised

6 by a party or it can be raised *sua sponte* by the court before or after trial, and even for

7 the first time on appeal. (*Westlands Water Dist. v. Firebaugh Canal*, 10 F.3d 667,

8 673. (9th Cir. 1993).)  Indeed, the Federal Rules of Civil Procedure provide that the

9 Court *must* dismiss a complaint "if the court determines at any time that it lacks

10 subject-matter jurisdiction. . ." (*See* F.R.C.P. 12(h)(3).)

11      In this case, the Court lacks subject matter jurisdiction over Plaintiff's FAC,

12 because the disputes raised by Plaintiff are subject to the grievance procedures

13 mandated by the Collective Bargaining Agreement applicable to Plaintiff and Sky

14 Chefs, and therefore, are preempted by the Railway Labor Act.  Accordingly, the

15 FAC should be dismissed with prejudice.

16 **IV.     THE RLA APPLIES TO SKY CHEFS, INC.**

17      The collective bargaining agreement between Sky Chefs and Plaintiff's union,

18 Unite Here, is covered by the RLA. [*See Westbrook v. Sky Chefs*, 35 F.3d 316, 317

19 (7th Cir. 1994) ("The RLA governs relations between employers that are rail or air

20 carriers or that engaged in other related activities and their union employees. Related

21 companies include any which are *directly or indirectly controlled* by the carrier. [45

22 US.C § 151].  In 1988 the National Mediation Board, after a hearing on the issue,

23 issued an advisory opinion which stated that Sky Chefs was subject to a 'substantial

24 ... degree of control' by the airlines for which it worked, and that its employees were

25 therefore subject to the jurisdiction of the RLA. [*Sky Chefs, Inc.*, 15 NMB 397

26 (1988).]").]

27 / / /

28 / / /

NOTICE OF MOTION AND MOTION TO DISMISS FIRST AMENDED COMPLAINT PURSUANT TO F.R.C.P. 12(b)(1)

1    Sky Chefs is a wholly-owned subsidiary of Deutsche Lufthansa AG, a German

2 entity, which owns and operates Lufthansa Airlines. (*See* Murray Decl., ¶5.)  Sky

3 Chefs mainly operates to provide in-flight food and beverage catering services to

4 hundreds of airline carriers in the United States and maintains 40 kitchens on or near

5 most major airports throughout the United States. (*See* Murray Decl., ¶6-7.)  Further,

6 the contracting carrier, whether United, Delta, or American, exercises significant

7 control in Sky Chefs' daily operations, including dictating food preparation and often

8 the precise menus, staying in contact with Sky Chefs via a computer system,

9 conducting unannounced kitchen and other inspections conducted, implementation

10 specific rules applicable to the employees' performance of services, training of

11 certain employees, and recommendation of discipline and termination of certain

12 employees.  (*See* Murray Decl., ¶8.)  Accordingly, not only is Sky Chefs owned by

13 an airline, airline companies continue to maintain an extensive amount of control

14 over the day-to-day operations of Sky Chefs' business.

15    Therefore, the CBA between Sky Chefs and Unite Here, which governs

16 Plaintiff's employment with Sky Chefs, is properly subject to the RLA.

17 ## V.    THE FAC IS PREEMPTED BY THE RLA

18    Plaintiff's entire FAC is preempted by the RLA because this Court cannot

19 resolve these claims without interpreting and/or applying the CBA.  "Congress

20 intended the RLA to preempt only those disputes 'involving the interpretation or

21 application of existing labor agreements.' "  (*Espinal v. Northwest Airlines*, 90 F.3d

22 1452,1456 (9th Cir. 1996) (citing *Hawaiian Airlines, Inc. v. Norris*, 512 US. 246,

23 256 (1994).)  "To determine whether [a] claim is preempted by the RLA, courts

24 should apply the preemption test used in cases under the Labor Management

25 Relations Act ('LMRA'), 29 U.S.C. § 185." (*Id.*).

26    "Section 301 [of the LMRA] preempts state law claims that require the court

27 to interpret a CBA provision that is reasonably relevant to the resolution of the

28 dispute." (*Ward v. Circus Circus Casinos, Inc.*, 473 F.3d 994,997-98 (9th Cir.

6

2007).) "If the claim requires the court to "interpret," rather than merely 'look to,' the collective bargaining agreement, then the claim is substantially dependent thereon and is preempted by section 301." ( *Lara v. San Bernardino Steel Inc.*, 2011 U.S. Dist. LEXIS 110046, *8 (C.D. Cal. 2011).)

Plaintiff's entire FAC is preempted by the RLA because this Court cannot resolve these claims without interpreting and/or applying the CBA. "Congress intended the RLA to preempt only those disputes 'involving the interpretation or application of existing labor agreements.' " (*Espinal v. Northwest Airlines*, 90 F.3d 1452,1456 (9th Cir. 1996) (citing *Hawaiian Airlines, Inc. v. Norris*, 512 US. 246, 256 (1994).) "To determine whether [a] claim is preempted by the RLA, courts should apply the preemption test used in cases under the Labor Management Relations Act ('LMRA'), 29 U.S.C. § 185." ( *Id.*).

"Section 301 [of the LMRA] preempts state law claims that require the court to interpret a CBA provision that is reasonably relevant to the resolution of the dispute." (*Ward v. Circus Circus Casinos, Inc.*, 473 F.3d 994,997-98 (9th Cir. 2007).) "If the claim requires the court to "interpret," rather than merely 'look to,' the collective bargaining agreement, then the claim is substantially dependent thereon and is preempted by section 301." ( *Lara v. San Bernardino Steel Inc.*, 2011 U.S. Dist. LEXIS 110046, *8 (C.D. Cal. 2011).)

The leading case in the area of RLA preemption of state wage and hour law is *Adames v. Executive Airlines, Inc.*, 258 F.3d 7 (1st Cir. 2001) , with which the Ninth Circuit Court of Appeals has specifically acknowledged agreement. (*See Firestone v. S. Cal. Gas Co.*, 281 F.3d 801, 802 (9th Cir. 2002). ) In *Adames*, plaintiffs claimed, in relevant part, that Executive Airlines failed to compensate them for work time, failed to pay them overtime pay and failed to provide compensated meal periods. The First Circuit Court of Appeals held that claims under Puerto Rico laws dealing with wages, overtime pay, meal periods and other matters all required interpretation of a collective bargaining agreement and were preempted by the RLA.

7

1       The *Adames* court recognized that Puerto Rico law (just like California) "relies

2   on conventional pay mechanisms, such as hourly wages, which may not reflect

3   methods of remuneration in the airline industry." (*Adames, supra*, at 13.)  Further,

4   "the peculiarities of [airline] industry-specific wage and benefit structures are

5   apparent in the collective bargaining agreement between [employees] and [the

6   airline] " (*Id.*)

7       For example, in addressing the plaintiffs' overtime claims, the *Adames* court

8   found that interpretation of the collective bargaining agreement was necessary to

9   determine the plaintiffs' base pay, effective hourly salaries, and method for

10  calculating the correct overtime rate. (*Adames, supra*, at 13; *see also Firestone v. S.*

11  *Cal. Gas Co.*, 219 F.3d 1063, 1066 (9th Cir. 2000) (finding that a California state

12  overtime claim was preempted because resolution of the claim required an

13  interpretation of a collective bargaining agreement to determine the "regular rate").

14      Similarly, with the plaintiffs' meal period claims, the *Adames* court recognized

15  that, if the plaintiffs were found to have worked through their meal period, a

16  calculation of the applicable remedy (two times the hourly rate) would require an

17  interpretation of the "regular rate" applicable to the plaintiffs under the collective

18  bargaining agreement. (*Adames, supra*, at 14-15.)  Based on this reasoning, the court

19  in Adames held that both the plaintiffs' overtime and meal period claims were

20  preempted.

21      Here, Plaintiff claims that he was not paid all overtime wages owed, that Sky

22  Chefs did not properly calculate his overtime, and that he was denied meal periods.

23  Plaintiff further claims that, as a result of these alleged violations, he was not

24  properly paid a minimum wage, he was not paid all wages owed, his pay stubs were

25  not accurate, he was not timely paid all wages owed at termination, and Sky Chefs

26  violated the California Unfair Competition law.  The CBA, which covers Plaintiff's

27  employment, specifically addresses the issues of wages, overtime, incentive pay, and

28  meal periods. (*See* Murray Decl., ¶4.)  Thus, whether Plaintiff can prevail on any of

1   his claims depends on an interpretation of the CBA between Unite Here and Sky

2   Chefs, as well as the course of conduct and past practices of Sky Chefs and the

3   union, to identify the proper methods of compensating Plaintiff and the putative

4   Class.  [*See Comm. Workers of America v. Pacific Northwest Bell Tele. Co.*, 337 F.2d

5   455,459 (9th Cir. 1964)( "The very nature of a collective bargaining agreement

6   requires that it be read in light of bargaining history and the history of the parties'

7   own interpretations." ).]

8          Therefore, because the CBA must be interpreted before any relief can be

9   granted to Plaintiff on any of his claims, the entire FAC is preempted under the RLA.

10  **VI.    CONCLUSION**

11         In light of the foregoing, Defendant SKY CHEFS, INC. respectfully requests

12  that this Court grant the instant Motion and dismiss the FAC of Plaintiff CESAR

13  CRUZ with prejudice.

14

15  Date: October 5, 2012              **CONSTANGY, BROOKS & SMITH LLP**

16

17

18                                     By:   /s/ _____

19                                           MICHAEL S. LAVENANT, ESQ.
                                             SUMITHRA R. ROBERTS, ESQ.

20                                           Attorneys for Defendant

21

22

23

24

25

26

27

28

NOTICE OF MOTION AND MOTION TO DISMISS FIRST AMENDED COMPLAINT PURSUANT TO F.R.C.P. 12(b)(1)

**PROOF OF SERVICE**
**UNITED STATES DISTRICT COURT, NORTHRN DISTRICT OF CALIFORNIA**
CASE NAME: NAME: *Cesar Cruz v. Sky Chefs, Inc.*
CASE NO: CIV-C12-02705 DMR

*I declare as follows:*

I am employed in the County of Los Angeles, California. I am over the age of 18 years, and not a party to the within action; my business address is 15760 Ventura Boulevard, Suite 1200, Encino, California 91436. I am readily familiar with my employer's business practice for collection and processing of correspondence for mailing with the United States Postal Service. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing affidavit.

On October 5, 2012, I served a true and correct copy, with all exhibits, of the following documents described as:

**NOTICE OF MOTION AND MOTION TO DISMISS FIRST AMENDED COMPLAINT**

☐   On the party or parties named below, by personally delivering a true copy thereof on _____ _____ at approximately _____ at Sherman Oaks, California. Accepted by:_____ (Personal service)

☑   on the party or parties named below, by following ordinary business practice, placing a true copy thereof enclosed in a sealed envelope, for collection and mailing with the United States Postal Service, where it would be deposited for first class delivery, postage fully prepaid, in the United States Postal Service, that same day in the ordinary course of business, addressed as set forth below. (State/Regular office deposit)

☐   on the interested parties in the within action by placing the above documents in the United States mail for Express Mail delivery at 15760 Ventura Boulevard, Encino, California 91436 in a sealed envelope, with Express Mail postage thereon fully prepaid; by depositing copies of the above documents in a box or other facility regularly maintained by Federal Express, in an envelope or package designated by Federal Express Airbill No._____, with delivery fees paid by sender's account. (Code of Civil Procedure §1013(c).) (Overnight delivery service)

☐   on the interested parties in the within action by transmitting via facsimile machine to the name(s) and facsimile number(s) set forth below. (Facsimile)

☑   I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made. (Federal)

| | |
|---|---|
| Joseph Lavi, Esq.<br>LAVI & EBRAHIMIAN, LLP<br>8889 W. Olympic Blvd., Suite 200<br>Beverly Hills, CA 90211<br>Tel: (310) 432-0000<br>Fax: (310) 432-0001 | Attorneys for Plaintiff |

I certify under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that this declaration was executed on October 5, 2012, at Encino, California.

By: _____      By:   LAURIE GUTIERREZ
      Signature of Declarant                              Type or Print Name of Declarant

1