UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CESAR CRUZ, | No. C 12-02705 DMR |
|     Plaintiff(s), | **ORDER DENYING DEFENDANT'S MOTION TO DISMISS** |
|     v. | |
| SKY CHEFS, INC. ET.AL., | |
|     Defendant(s). | |

Defendant Sky Chefs, Inc. moves pursuant to Federal Rule of Civil Procedure 12(b)(1) to dismiss Plaintiff Cesar Cruz's class action complaint for lack of subject matter jurisdiction, arguing that all of Plaintiff's claims are preempted by the Railway Labor Act ("RLA"), 45 U.S.C. § 151 *et seq*. For the reasons stated below, and in light of modifications to the class complaint made during the December 20, 2012 motion hearing, the court denies the motion.

**I. Background**

Defendant, a business which provides in-flight food and beverage catering services to numerous airline carriers within the United States, hired Plaintiff in July 1996 as an assembler. (Murray Decl. ¶ 2, Oct. 1, 2012; *see* Am. Compl. ¶ 3.) During his employment, Plaintiff was a member of the Unite Here International Union (SFO/Unit 1692), and his relationship with Defendant was governed by a collective bargaining agreement ("the CBA"). (Murray Decl. ¶ 4, Ex. A.)

1    Plaintiff filed this putative class action on March 16, 2012 in Alameda County Superior
2 Court. [*See* Docket No. 1 at 2.] On May 23, 2012, Plaintiff amended his complaint to state nine
3 California state law causes of action against Defendant: (1) failure to pay wages for compensable
4 work at minimum wage pursuant to California Labor Code §§ 1194 and 1197 ("minimum wage
5 claim"), (2) failure to pay earned wages for compensable time in violation of California Labor Code
6 § 204 ("earned wages claim"), (3) failure to pay overtime wages in accordance with California
7 Labor Code §§ 510, 1194, and 1198 ("overtime wages claim"), (4) failure to pay overtime wages at
8 the proper rate under California Labor Code §§ 510 and 1194 ("overtime wages rate claim"), (5)
9 failure to provide required meal periods pursuant to California Labor Code §§ 226.7 and 512 ("meal
10 period claim"), (6) failure to provide complete and accurate wage statements in violation of
11 California Labor Code § 226 ("wage statements claim"), (7) failure to pay all wages timely upon
12 separation of employment in accordance with California Labor Code §§ 201 and 202 ("timely
13 payment of wages claim"), (8) unfair competition pursuant to California Business and Professions
14 Code § 17200 ("unfair competition claim"), and (9) a request for civil penalties under the Labor
15 Code Private Attorneys General Act of 2004 ("PAGA"), California Labor Code § 2698 *et seq.*
16 ("PAGA claim"). (Am. Compl. ¶¶ 37-102.) On May 25, 2012, Defendant removed the case to
17 federal court, basing federal jurisdiction on the Class Action Fairness Act, 28 U.S.C. § 1332(d).
18 [Docket No. 1.]

19    On October 5, 2012, Defendant filed a motion to dismiss Plaintiff's complaint on the grounds
20 that his claims are preempted by the RLA. [Docket No. 20.] The court held a hearing on December
21 20, 2012. During the hearing, Plaintiff represented to the court that he would limit all claims to
22 encompass only class members who had never received a shift differential or lead pay during the
23 class period. He also stipulated to dismiss the third cause of action for overtime wages. He further
24 conceded that he does not dispute the rate at which Defendant calculated overtime pay as shown on
25 the paystubs, except for Defendant's alleged failure to include earned bonuses (as indicated on the
26 paystubs) in its calculation of the regular rate of pay. In light of these representations, Defendant
27 conceded that resolution of Plaintiff's earned wages claim, overtime wages rate claim, meal period
28 claim, wage statements claim, timely payment of wages claim, unfair competition claim, and PAGA

2

claim would not require the court to interpret the collective bargaining agreement between the parties and, therefore, would not be preempted by the RLA, *see infra*. Accordingly, only Plaintiff's minimum wage claim remains in dispute between the parties.

The parties have filed consents to this court's jurisdiction pursuant to 28 U.S.C. § 636(c). [Docket Nos. 9, 13.] The court therefore may enter judgment in the case. *See* 28 U.S.C. § 636(c)(1); Fed. R. Civ. P. 72(b); N.D. Cal. Civ. L.R. 72-1.

## II. Applicable Law

### A. Dismissal for Lack of Subject Matter Jurisdiction

A court will dismiss a party's claim for lack of subject-matter jurisdiction "only when the claim is so insubstantial, implausible, foreclosed by prior decisions of th[e Supreme] Court, or otherwise completely devoid of merit as not to involve a federal controversy." *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 89 (1998) (citation and quotation marks omitted); *see* Fed. R. Civ. P. 12(b)(1). When reviewing a 12(b)(1) motion, the court sculpts its approach according to whether the motion is "facial or factual." *White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000). A facial challenge asserts that "the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction." *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). A factual challenge, such as in the motion at bar, asserts that subject-matter jurisdiction does not exist, independent of what is stated in the complaint. *White*, 227 F.3d at 1242. In contrast with a facial challenge, a factual challenge permits the court to look beyond the complaint, without "presum[ing] the truthfulness of the plaintiff's allegations." *Id.* Even the presence of disputed material facts "will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." *Roberts v. Corrothers*, 812 F.2d 1173, 1177 (9th Cir. 1987). To successfully rebut a factual challenge in a motion to dismiss, the non-moving party "'must furnish affidavits or other evidence necessary to satisfy its burden of establishing subject matter jurisdiction.'" *White v. Astrue*, No. 10-2124-CRB, 2011 WL 900289, at *3 (N.D. Cal. Mar. 15, 2011) (quoting *Savage v. Glendale Union High Sch.*, 343 F.3d 1036, 1040 n.2 (9th Cir. 2003)).

### B. Preemption Under the Railway Labor Act

3

1 Congress enacted the Railway Labor Act "'to promote stability in labor-management 2 relations by providing a comprehensive framework for resolving labor disputes.'" *Espinal v. Nw.* 3 *Airlines*, 90 F.3d 1452, 1456 (9th Cir. 1996) (quoting *Hawaiian Airlines, Inc. v. Norris*, 512 U.S. 4 246, 252 (1994)). It expanded the act to encompass the airline industry in 1936. *Hawaiian Airlines,* 5 *Inc.*, 512 U.S. at 248; *Espinal*, 90 F.3d at 1455-56. This alteration brought not only air carriers, but 6 companies "which are directly or indirectly controlled" by carriers, into the RLA's ambit. 7 *Westbrook v. Sky Chefs, Inc.*, 35 F.3d 316, 317 (7th Cir. 1994) (citing 45 U.S.C. § 151).

8 The RLA requires mandatory arbitration for two classes of disputes: "Major" disputes, 9 which concern "'the formation of collective bargaining agreements or efforts to secure them,'" and 10 "Minor" disputes, which "'involve controversies over the meaning of an existing collective 11 bargaining agreement in a particular fact situation.'" *Espinal*, 90 F.3d at 1456 (quoting *Hawaiian* 12 *Airlines, Inc.*, 512 U.S. at 253). The present motion concerns a minor dispute.

13 To determine whether a minor dispute falls within the scope of the RLA, the Supreme Court 14 has instructed courts to employ the preemption test used under the Labor Management Relations 15 Act, 29 U.S.C. § 185. *Hawaiian Airlines, Inc.*, 512 U.S. at 263; *Espinal*, 90 F.3d at 1456. First, the 16 court must determine "'whether the asserted caused of action involves a right conferred upon an 17 employee by virtue of state law, not by a CBA.'" *Lara v. San Bernardino Steel, Inc.*, No. 11-1357, 18 2011 WL 4480167, at *3 (C.D. Cal. Sept. 20, 2011) (quoting *Burnside v. Kiewit Pac. Corp.*, 491 19 F.3d 1053, 1059 (9th Cir. 2007)). If the right originates from the CBA, preemption applies; if the 20 right arises from state law, the court proceeds to determine whether the claim is "'substantially 21 dependent on analysis of a collective bargaining agreement.'" *Id.* (quoting *Burnside*, 491 F.3d at 22 1059); *see Gregory v. SCIE, LLC*, 317 F.3d 1050, 1052 (9th Cir. 2003) (citing *Allis-Chalmers Corp.* 23 *v. Lueck*, 471 U.S. 202, 220 (1985)); *Espinal*, 90 F.3d at 1456. The court will find a claim 24 substantially dependent on the analysis of a CBA if the claim requires the court to "'interpret,' rather 25 than merely 'look to,' the collective bargaining agreement." *Lara*, 2011 WL 4480167, at *3 26 (quoting *Burnside*, 491 F.3d at 1059); *accord Gregory*, 317 F.3d at 1052 ("'[W]hen the meaning of 27 contract terms is not the subject of a dispute, the bare fact that a collective-bargaining agreement 28 will be consulted in the course of state-law litigation plainly does not require the claim to be

4

extinguished.'") (quoting *Livadas v. Bradshaw*, 512 U.S. 107, 122-24 (1994)) (brackets in original). In cases where the state law claim is "'inextricably intertwined'" with the meaning of the terms of a CBA, the RLA also will preempt the state law claim. *Firestone v. S. Cal. Gas Co.*, 281 F.3d 801, 802 (9th Cir. 2002).

### III. Discussion

#### A. The Railway Labor Act's Applicability to Defendant and Its Employees

Before turning to whether Plaintiff's claims fall within the scope of the RLA, the court must establish whether the RLA applies to Defendant and its employees. Defendant is a wholly-owned subsidiary of Deutsche Lufthansa AG, which owns and operates Lufthansa Airlines. (Murray Decl. ¶ 5.) The firm's primary function is to provide in-flight food and beverages catering services to numerous airline carriers within the United States. (Murray Decl. ¶ 6.) Defendant operates approximately 40 kitchens near or at major airports around the country. (Murray Decl. ¶ 7.) The respective contracting airlines exercise significant control over Defendant's daily operations, including dictating food preparation and often specific menus, conducting unannounced inspections, implementing rules applicable to employees' performance of services, training employees, and recommending employees' discipline and termination. (Murray Decl. ¶ 8.) Because airline carriers directly and indirectly exercise significant control over Defendant's business and operations, the court finds that the RLA applies to Defendant and its employees. *See Westbrook*, 35 F.3d at 317 (citing 45 U.S.C. § 151); *accord In re Sky Chefs, Inc.*, 15 N.M.B. 397 (Sept. 29, 1988) (opining that Sky Chefs, Inc. and its employees are subject to jurisdiction of RLA).

#### B. Plaintiff's Minimum Wage Claim

Plaintiff's right to bring the minimum wage claim -- the sole claim presently in dispute between the parties -- originates under California state law, specifically California Labor Code §§ 1194 and 1197. *See Blackwell v. Skywest Airlines, Inc.*, No. 06-307, 2008 WL 5103195, at *4 (S.D. Cal. Dec. 3, 2008). Because Plaintiff's right to bring this claim derives from state law, the court must determine whether resolution of the claim is substantially dependent on analysis of the CBA.

United States District Court
For the Northern District of California

Plaintiff's minimum wage claim alleges that, due to Defendant's allegedly illegal rounding of the time employees clocked in and out, Defendant failed to pay Plaintiff and putative class members minimum wages for all hours worked. The resolution of this dispute turns merely on the number of hours worked by Plaintiff and putative class members, and whether they received the minimum wage for that time. *See Gregory*, 317 F.3d at 1053 & nn.3-4; *Lara*, 2011 WL 4480167, at *4. The court will not have to interpret the CBA to resolve the claim. The RLA therefore does not preempt the claim.

### IV. Conclusion

For the reasons provided above, and in light of modifications to the complaint made during the motion hearing, the court denies Defendant's motion to dismiss. The court finds that Plaintiff's minimum wage claim is not preempted by the RLA. Moreover, pursuant to the parties' stipulations, the court dismisses Plaintiff's third cause of action for overtime wages. The court further orders Plaintiff to file an amended complaint that conforms to the stipulations made during the motion hearing and memorialized in this order by no later than January 25, 2013.

IT IS SO ORDERED.

Dated: December 21, 2012



_____
DONNA M. RYU
United States Magistrate Judge