1  Alfred J. Landegger, Esq. – State Bar No. 84419
   Oscar E. Rivas, Esq. – State Bar No. 211510
2  Sumithra R. Roberts, Esq. – State Bar No. 256078
   CONSTANGY, BROOKS & SMITH, LLP
3  15760 Ventura Boulevard, Suite 1200
   Encino, California 91436
4  Telephone: (818) 986-7561
   Facsimile:  (818) 986-5147
5

6  Attorneys for Defendant
   SKY CHEFS, INC.
7

8              UNITED STATES DISTRICT COURT

9              NORTHERN DISTRICT OF CALIFORNIA

10

11 CESAR CRUZ, on behalf of himself and    ) Case No. C12-02705 DMR
   other similarly situated                )
12                                          )
              Plaintiff,                    ) NOTICE OF MOTION AND
13                                          ) MOTION TO DISMISS
        v.                                  ) PLAINTIFF'S SECOND AMENDED
14                                          ) COMPLAINT PURSUANT TO
   SKY CHEFS, INC., a corporation; LSG      ) F.R.C.P. 12(b)(6) and 12(b)(1), *OR*
15 LUFTHANSA SERVICE HOLDING AG,            ) *ALTERNATIVELY*, MOTION TO
   dba LSG SKY CHEFS, a corporation; and    ) STRIKE CLASS ALLEGATIONS;
16 DOES 1 to 100, Inclusive.                ) MEMORANDUM OF POINTS AND
                                            ) AUTHORITIES IN SUPPORT
17            Defendants.                    ) THEREOF
                                            )
18                                          ) Date:   March 28, 2013
                                            ) Time:   11:00 a.m.
19                                          ) Room: 4
                                            )
20 _____) Action Filed:  May 25, 2012

21 TO PLAINTIFF AND TO HIS ATTORNEYS OF RECORD:

22        PLEASE TAKE NOTICE that on **Thursday, March 28, 2013, at 11:00 a.m.**,

23 or as soon thereafter as the matter may be heard in Courtroom No. 4 of the above-

24 entitled Court located at 1301 Clay Street, Oakland, CA 94612, Defendant SKY

25 CHEFS, INC. ("Sky Chefs") will and hereby does move this Court for the following

26 relief pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6):

27 / / /

28 / / /

                                    i

1        1)     An Order dismissing the class action allegations in Plaintiff's Second

2 Amended Complaint ("SAC") against Sky Chefs, with prejudice; and

3        2)     An Order dismissing Plaintiff's Third Cause of Action for Failure to Pay

4 Overtime Wages at the Proper Rate because this cause of action is preempted by the

5 Federal Railway Labor Act; or, alternatively,

6        3)     An Order striking the class allegations of Plaintiff's SAC including all

7 Class definitions related to the "Minimum Wage Class," "Earned Wages Class,"

8 "Bonus Class," "Meal Period Class," "Wage Statements Class," "Waiting Time

9 Class," and "California Class."

10      This Motion is brought on the grounds that 1) the Class definitions contained in

11 the SAC do not, **on their face**, allege a sufficiently defined and ascertainable class

12 under Federal Rule of Civil Procedure, rule 23(a), 2) individual questions of fact

13 predominate, and 3) class treatment is not the superior method for resolving the

14 claims of the Class. (*See* F.R.C.P. 23.)

15      Moreover, the Third Cause of Action for Failure to Pay Overtime at the Proper

16 Rate is preempted by the exclusive grievance provisions of the federal Railway Labor

17 Act, 45 U.S.C. section 151 *et seq.* (the "RLA"), because adjudication of this cause of

18 action requires interpretation of the applicable Collective Bargaining Agreement

19 "CBA."   (*See Espinal v. Northwest Airlines*, 90 F.3d 1452,1456 (9th Cir. 1996)

20 (citing *Hawaiian Airlines, Inc. v. Norris*, 512 US. 246, 256 (1994).)

21 / / /

22 / / /

23 / / /

24 / / /

25 / / /

26 / / /

27 / / /

28 / / /

NOTICE OF MOTION AND MOTION TO DISMISS FIRST AMENDED COMPLAINT PURSUANT TO F.R.C.P. 12(b)(1)

1      This Motion is based upon this Notice, the Memorandum of Points and

2  Authorities, the Declaration of Sumithra Rao, Esq., and such other oral and

3  documentary evidence as may be presented to the Court at or before the hearing on

4  this Motion.

5

6  Date: February 20, 2013        **CONSTANGY, BROOKS & SMITH LLP**

7

8                    By: _____

9                       OSCAR E. RIVAS, ESQ.

10                      SUMITHRA R. ROBERTS, ESQ.

                        Attorneys for Defendant,

11                      SKY CHEFS, INC.

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

NOTICE OF MOTION AND MOTION TO DISMISS FIRST AMENDED COMPLAINT PURSUANT TO F.R.C.P. 12(b)(1)

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ............................................................................. v

MEMORANDUM OF POINTS AND AUTHORITIES ...................................... 1

    I.     INTRODUCTION ............................................................................ 1

    II.    STATEMENT OF RELEVANT FACTS.............................................. 1

          A.    Procedural History.......................................................... 1

          B.    The Business Of Sky Chefs........................................... 3

          C.    Plaintiff's Collective Bargaining Agreement With
               Sky Chefs .................................................................... 4

    III.   MOTION TO DISMISS THE SAC PURSUANT TO
          F.R.C.P. 12(b)(6) ....................................................................... 5

          A.    A 12(b)(6) Motion Is Appropriate For Disposal Of A
               Complaint Based On Class Definitions ....................................... 5

          B.    The Class Definitions and Allegations of the SAC
               Fail to Set Forth A Clearly Defined And
               Ascertainable Class ................................................................. 6

          C.    The SAC Fails To Set Forth A Class Definition
               Which Satisfies The Predominance And Superiority
               Requirements Of F.R.C.P. 23(B)(3) ......................................... 6

          D.    The "Bonus Class" Does Not Satisfy The
               Predominance And Superiority Requirements Of
               Rule 23(B)(3) ..................................................................... 10

          E.    The "Meal Period" Class Does Not Meet The
               Predominance And Superiority Requirements Of
               Rule 23(B)(3) ..................................................................... 11

    IV.   MOTION TO DISMISS THE THIRD CAUSE OF
          ACTION FOR FAILURE TO CALCULATE OVERTIME
          AT THE PROPER RATE PURSUANT TO F.R.C.P.
          12(b)(1) AND THE FEDERAL RAILWAY LABOR ACT.............. 13

          A.    The RLA Applies To Sky Chefs, Inc. ....................................... 13

          B.    The Third Cause Of Action Is Preempted By The
               RLA ................................................................................... 15

    V.    MOTION TO STRIKE................................................................... 17

    VI.   CONCLUSION ........................................................................... 18

# TABLE OF AUTHORITIES

## Cases

*Adames v. Executive Airlines, Inc.,*
258 F.3d 7 (1st Cir. 2001)................................................................ 15, 16

*Amchem Products, Inc. v. Windsor,*
521 U.S. 591, 615 (1997).................................................................... 7

*Ashcroft v. Iqbal,*
129 S. Ct. 1937 (2009) ....................................................................... 5

*Balistreri v. Pacifica Police Dept.,*
901 F. 2d 696 (9th Cir. 1988) ............................................................ 13

*Bell Atl. Corp. v. Twombly,*
550 U.S. 544 (2007)............................................................................ 5

*Brinker Rest. Corp. v. Superior Court,* 53 Cal. 4th 1004 (2012)............................ 12

*Comm. Workers of America v. Pacific Northwest Bell Tele. Co.,*
337 F.2d 455 (9th Cir. 1964) ............................................................. 16

*Davoll v. Webb,*
160 F.R.D. 142 (D.Colo. 1995) .......................................................... 6

*Espinal v. Northwest Airlines,*
90 F.3d 1452 (9th Cir. 1996) ............................................................. 15

*Firestone v. S. Cal. Gas Co.,*
219 F.3d 1063 (9th Cir. 2000) ........................................................... 16

*Firestone v. S. Cal. Gas Co.,*
281 F.3d 801 (9th Cir. 2002) ............................................................. 15

*Hawaiian Airlines, Inc. v. Norris,*
512 U.S. 246 (1994)............................................................................ 15

*Hovespian v. Apple, Inc.,*
No. 08-5788, 2009 U.S. Dist. LEXIS 11752 (N.D. Cal. 2009)................... 17

John v. Nat'l Sec. Fire & Cas. Co.,
501 F.3d 443 (5th Cir. 2007) ............................................................. 5

Kamm v. Cal. City Dev. Co.,
509 F.2d 205 (9th Cir. 1975) ............................................................. 5, 17

*Lara v. San Bernardino Steel Inc.,*
2011 U.S. Dist. LEXIS 110046 (C.D. Cal. 2011) ................................. 15

*Lukovsky v. San Francisco,*
No. C 05–00389 WHA, 2006 WL 140574 (N.D.Cal. 2006)....................... 6

/ / /

*O'Connor v. Boeing North American, Inc.*,
   184 F.R.D. 311 (C.D.Cal. 1998) ................................................................. 6

*Pryor v. Aerotek*,
   278 F.R.D. 516 (C.D. Cal. 2011) ................................................................. 6

*Thornhill Publishing Co. v. General Tel. & Electronics*,
   594 F.2d 730 (9th Cir. 1979) ...................................................................... 13

*Valentino v. Carter-Wallace, Inc.*,
   97 F.3d 1227 (9th Cir.1996) ..................................................................... 7, 9

*Ward v. Circus Circus Casinos, Inc.*,
   473 F.3d 994 (9th Cir. 2007) ...................................................................... 15

*Westbrook v. Sky Chefs*,
   35 F.3d 316 (7th Cir. 1994) ........................................................................ 13

*Westlands Water Dist. v. Firebaugh Canal*,
   10 F.3d 667 (9th Cir. 1993) ........................................................................ 13

*Zinser v. Accufix Research Inst., Inc.*,
   253 F.3d 1180 (9th Cir. 2001) ................................................................. 7, 8, 9

## **Statutes**

29 U.S.C. § 185 ............................................................................................. 15

45 U.S.C § 151 .............................................................................................. 14

Cal. Lab. Code § 226.7(a) ............................................................................. 11

Cal. Lab. Code §512(a) ................................................................................. 11

F.R.C.P. 12(b)(6) ............................................................................................ 5

F.R.C.P. 12(b)(1) .......................................................................................... 13

F.R.C.P. 12(h)(3) .......................................................................................... 13

## **Treatises**

12667A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane,
   Federal Practice and Procedure § 1780 (2d ed.1986) ................................... 8

7A Charles Allan Wright, Arthur R. Miller & Mary Kay Kane, Federal
   Practice and Procedure § 1778 (2d ed.1986) ............................................... 7

NOTICE OF MOTION AND MOTION TO DISMISS FIRST AMENDED COMPLAINT PURSUANT TO F.R.C.P. 12(b)(1)

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.   INTRODUCTION

Despite having three chances to allege an ascertainable class and legally cognizable causes of action, Plaintiff's Second Amended Complaint ("SAC") fails for the following reasons: 1) the SAC's Class definitions do not allege an ascertainable class such that it is administratively feasible for the Court to determine membership in the Class; 2) the Class definitions, on their face, allege a class where individual questions of law or fact predominate; 3) the Class definitions, on their face, demonstrate that class treatment is not the superior method to adjudicate the claims of Sky Chefs employees; 4) the "Bonus Class" does not satisfy the requirements of Rule 23(b)(3) because individual questions of law or fact predominate; 5) the Meal Period Class does not satisfy the requirements of Rule 23(b)(3) because individual questions of law or fact predominate; and, finally, 6) the Third Cause of Action for Failure to Pay Overtime at the Proper Rate is preempted by the federal Railway Labor Act.

Accordingly, given Plaintiff's previous unsuccessful attempts, it is clear that Plaintiff cannot further amend his complaint to allege a proper class.  The Court must also dismiss the third Cause of Action as it is preempted by the Railway Labor Act.

### II.   STATEMENT OF RELEVANT FACTS

#### A.   Procedural History

Plaintiff CESAR CRUZ ("Plaintiff") filed his initial Complaint in the Superior Court of the State of California on March 16, 2012.  On May 24, 2012, Plaintiff filed a First Amended Complaint ("FAC").  On May 25, 2012, Defendant SKY CHEFS, INC. ("Defendant" or "Sky Chefs") removed the action to the above-entitled Court.

On October 5, 2012, Defendant filed a Motion to Dismiss Plaintiff's FAC on the grounds that it was preempted by the Federal Railway Labor Act ("RLA").  At the hearing on Defendant's Motion, which took place on December 20, 2012, Plaintiff stipulated before this Court that he would modify the FAC so that it would not be

1

1  subject to preemption. (*See* Court Order Denying Defendant's Motion to Dismiss

2  dated December 21, 2012.)

3       On January 16, 2013, Plaintiff filed a Second Amended Complaint ("SAC")

4  alleging the following claims:  1) Failure to pay wages at the minimum wage rate; 2)

5  Failure to pay earned wages; 3) Failure to pay overtime wages at the proper rate by

6  not including all forms of remuneration in calculating the overtime rate of pay; 4)

7  Failure to provide a second meal period for employees working shifts of 10 hours or

8  longer; 5) Failure to provide accurate wage statements; 6) Failure to timely pay final

9  wages; 7) Unfair Competition; and 8) Civil penalties pursuant to Labor Code §2698.

10       Paragraph 4 of the SAC sets forth the following Class definitions outlining the

11  purported Class:

> Plaintiff brings this action on behalf of himself, on behalf of all
> others similarly situated, and on behalf of the General Public, and
> as a member of a Class defined as follows:
>
> A.    Minimum Wage Class: All current and former non-exempt
> employees, *excluding non-exempt employees that received shift
> differential or lead pay*, employed by DEFENDANTS in
> California at any time between March 16, 2008, through the date
> notice is mailed to a certified class, who were under control of
> DEFENDANTS during time they were engaged, suffered or
> permitted to work and DEFENDANTS did not pay wages for that
> time at least at the legal minimum wage rate.
>
> B.    Earned Wages Class: All current and former non-exempt
> employees, *excluding non-exempt employees that received shift
> differential or lead pay*, employed by DEFENDANTS in
> California at any time between March 16, 2008, through the date
> notice is mailed to a certified class who were under control of
> DEFENDANTS during time they were engaged, suffered or
> permitted to work and DEFENDANTS did not pay those earned
> wages at the employees' regular rate of pay.
>
> C.    Bonus Class: All current and former non-exempt
> employees, *excluding nonexempt employees that received shift*

2

*differential or lead pay*, employed by DEFENDANTS in California at any time between March 16, 2008, through the date notice is mailed to a certified class, who were under control of DEFENDANTS during time they were engaged, suffered or permitted to work and who received non-discretionary bonuses yet DEFENDANTS failed to include the bonuses and/or other forms of remuneration when calculating the rates of employees' overtime wages.

D.     Meal Period Class: All current and former non-exempt employees, *excluding non-exempt employees that received shift differential or lead pay*, employed by DEFENDANTS in California at any time between March 16, 2008, through the date notice is mailed to a certified class who worked without all the uninterrupted, duty-free meal periods to which they were entitled due to DEFENDANTS' policies, practices and procedures.

E.     Wage Statement Class: All current and former non-exempt employees, *excluding non-exempt employees that received shift differential or lead pay*, employed by DEFENDANTS in California at any time between March 16, 2008, through the date notice is mailed to a certified class who received inaccurate or incomplete wage statements.

F.     Waiting Time Class: All current and former non-exempt employees, *excluding non-exempt employees that received shift differential or lead pay*, employed by DEFENDANTS in California at any time between March 16, 2008, through the date notice is mailed to a certified class who did not receive payment of all unpaid wages with the statutory time period.

**B.     The Business of Sky Chefs**

Sky Chefs was originally established in 1942 as a wholly-owned subsidiary of American Airlines, and is currently a wholly-owned subsidiary of Deutsche Lufthansa AG, a German entity, which owns and operates Lufthansa Airlines. (*See* Declaration of Franklin Bruce Murray ("Murray Decl."), ¶5.)  The Company's primary function was, and continues to be, the provision of in-flight food and beverage catering services to hundreds of airline carriers in the United States. (*See* Murray Decl., ¶6.)

3

Sky Chefs maintains approximately 40 kitchens on or near most major airports throughout the United States. (*See* Murray Decl., ¶7.)  Further, the contracting carrier, whether United, Delta, or American, exercises significant control in Sky Chefs' daily operations, including dictating food preparation and menus, staying in contact with Sky Chefs via a computer system, conducting unannounced kitchen and other inspections, implementation of specific rules applicable to the employees' performance of services, training of certain employees, and recommendation of discipline and termination of certain employees.  (*See* Murray Decl., ¶8.)

C.    **Plaintiff's Collective Bargaining Agreement with Sky Chefs**

Plaintiff Cesar Cruz was hired by Sky Chefs in approximately July of 1996 as an assembler for Sky Chefs. (*See* Murray Decl., ¶2.)  At all times during Plaintiff's employment with Sky Chefs, he was a member of the Unite Here International Union (SFO/Unit 1692). (*See* Murray Decl., ¶3.)  At all times during his employment with Sky Chefs, Plaintiff's relationship with Sky Chefs was governed by a Collective Bargaining Agreement ("CBA") entered into between Sky Chefs and Unite Here on June 12, 2008.[1]  (*See* Murray Decl., ¶4, Ex. A.)  The CBA covers the wages and working conditions associated with Plaintiff's employment, including base pay, incentive pay, hours of work, overtime and meal periods. (*Id.*)  Specifically, the CBA covers bonuses and incentive plans, the employees entitled to such bonuses, and the amounts of and payment schedule of such bonuses. (*See* CBA, §§23 and 25, p. 37, Murray Decl., ¶4, Ex. A.)  Pursuant to the terms of these bonuses and incentive plans, only under specific circumstances would certain employees be entitled to bonuses. (*Id.*)

/ / /

/ / /

---

[1] The Court has previously taken judicial notice of the Collective Bargaining Agreement between Unite Here and Sky Chefs, Inc. during the hearing on Defendant's Motion to Dismiss the First Amended Complaint, which took place on December 20, 2012.

4

III.   **MOTION TO DISMISS THE SAC PURSUANT TO F.R.C.P. 12(B)(6)**

    A.   **A 12(b)(6) Motion Is Appropriate For Disposal Of A Complaint Based On Class Definitions**

       Federal Rule of Civil Procedure 12(b)(6) permits an action to be dismissed at the pleading stage where the plaintiff has failed to state a claim upon which relief can be granted. "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." (*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) ["Threadbare recitals of elements of a cause of action, supported by mere conclusory statements, do not suffice."].) To survive a motion to dismiss, a complaint must allege "enough facts to state a claim to relief that is plausible on its face." (*Id.*)

       Motions to dismiss class allegations pursuant to Rule 12 are appropriate under certain circumstances. (*Kamm v. Cal. City Dev. Co.*, 509 F.2d 205, 212 (9th Cir. 1975).) For example, "[w]here it is facially apparent from the pleadings that there is no ascertainable class, a district court may dismiss the class allegations on the pleadings." (*John v. Nat'l Sec. Fire & Cas. Co.*, 501 F.3d 443, 445 (5th Cir. 2007).) Further, and as set forth above, the Supreme Court's test for pleadings as outlined in *Twombly* requires all claims for relief to be plausible on their face, and does not create any exception for class allegations. (*Twombly, supra,* at 555.) Here, as discussed below, in applying the pleading standard established in *Twombly*, the Class definition proposed in the SAC fails to allege an ascertainable class and fails to meet the standard for a class action under Federal Rule of Civil Procedure, rule 23(b)(3).

/ / /

/ / /

/ / /

5

### B.   The Class Definitions and Allegations of the SAC Fail to Set Forth A Clearly Defined And Ascertainable Class

Under Rule 23(a), a Plaintiff proposing a class must show that the class is ascertainable based on the definition.   (*Pryor v. Aerotek*,  278 F.R.D. 516, 523 (C.D. Cal. 2011) [citing  *Lukovsky v. San Francisco*, No. C 05–00389 WHA, 2006 WL 140574, *2 (N.D.Cal. 2006)].)  A class is sufficiently defined and ascertainable if it is "administratively feasible for the court to determine whether a particular individual is a member." (*See Pryor, supra*, at 523 [quoting *O'Connor v. Boeing North American, Inc.*, 184 F.R.D. 311, 319 (C.D.Cal.1998)]; *accord Davoll v. Webb*, 160 F.R.D. 142, 143 (D.Colo.1995).)

Here, as defined in the SAC, the classes include all current and former non-exempt employees, except those that received shift differential and lead pay.  In essence, this definition requires Defendant, the Court and even Plaintiff to start with all non-exempt current and former employees of Sky Chefs in California from March 16, 2008, and "de-select" those employees who were paid shift differential and lead pay.   Unfortunately, this can be done only by reviewing and analyzing the payroll records of each and every employee to determine which employees properly belong in the class.  In fact, it would be impossible for the Court, the Defendant, or even Plaintiff to determine if any employee is in or out of the class unless the payroll records for the entire duration of employment are closely reviewed.

Tellingly, neither the Court nor Plaintiff or his counsel can be sure that Plaintiff is a member of the class.  Thus, the class definition set forth in the SAC is improper, as it does not properly define a class that is administratively feasible.

### C.   The SAC Fails To Set Forth A Class Definition Which Satisfies The Predominance And Superiority Requirements Of F.R.C.P. 23(B)(3)

It appears from the allegations of the SAC that Plaintiff is bringing this class action under Federal Rule of Civil Procedure 23(b)(3) only.  (*See* SAC, ¶¶4(B) and (E).)  To qualify for certification under Rule 23(b)(3), a class must meet two

6

requirements beyond the Rule 23(a) prerequisites:  1) Common questions of law and fact must "predominate over any questions affecting only individual members"; and 2) class resolution must be "superior to other available methods for the fair and efficient adjudication of the controversy." (*See Amchem Products, Inc. v. Windsor* (1997) 521 U.S. 591, 615.)

"Implicit in the satisfaction of the <u>predominance</u> test is the notion that the adjudication of common issues will help achieve judicial economy" for all parties. (*See Zinser v. Accufix Research Inst., Inc.*, 253 F.3d 1180, 1189 opinion amended on denial of reh'g, 273 F.3d 1266 (9th Cir. 2001) [citing *Valentino v. Carter-Wallace, Inc.*, 97 F.3d 1227, 1234 (9th Cir.1996)].)  While there may be common issues of liability in a case, with regard to causation and damages, if numerous "triable individualized issues" are presented, then common issues no longer predominate. (*See Zinser, supra*, at 1189.)  Indeed, "[I]f the main issues in a case require the separate adjudication of each class member's individual claim or defense, a Rule 23(b)(3) action would be inappropriate..." (*Id.* [quoting  7A Charles Allan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 1778 at 535-39 (2d ed.1986) (footnotes omitted)].)

In determining whether class treatment is <u>superior</u> Courts consider four (4) factors:

    (A)    the class members' interests in individually controlling the prosecution or defense of separate actions;

    (B)    the extent and nature of any litigation concerning the controversy already begun by or against class members;

    (C)    the desirability or undesirability of concentrating the litigation of the claims in the particular forum; and

    (D)    the likely difficulties in managing a class action.

/ / /

7

1   (*See* F.R.C.P. 23(b)(3).)   " 'A consideration of these factors requires the court to

2   focus on the efficiency and economy elements of the class action so that cases

3   allowed under subdivision (b)(3) are those that can be adjudicated most profitably on

4   a representative basis.' " (*Zinser v. Accufix Research Institute, Inc.* 253 F.3d 1180,

5   1190 (9th Cir. 2001), opinion amended on denial of reh'g, 273 F.3d 1266 (9th Cir.

6   2001) [citing 12667A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane,

7   Federal Practice and Procedure § 1780 at 562 (2d ed.1986)].)

8         Here, the SAC alleges the same recurring class definition for its six main

9   classes (*e.g.*, Minimum Wage Class, Earned Wages Class, Bonus Class, Meal Period

10  Class, Wage Statement Class and Waiting Time Class).  As to each separate class,

11  Plaintiff claims the Class includes "[a]ll current and former non-exempt employees

12  ... employed by DEFENDANTS in California at any time between March 16, 2008

13  through the date notice is mailed to a certified class." (*See* Plaintiff's SAC, ¶¶4(A) –

14  (F).)  However, excluded from the class are all non-exempt employees who received

15  **shift differential or lead pay** at any time during the Class period.  (*Id.*)

16        Here, the proposed class definitions fail to meet the standard for predominance

17  and superiority.  First, the definitions fail to show, and by the amendment admit, that

18  common questions of law and fact predominate.  The class as proposed in the

19  amended complaint still includes all current and former California employees of Sky

20  Chefs during the relevant time period.  The Plaintiff then seeks to de-select those

21  current and former employees that received differential or lead pay.

22        Clearly, common questions of law or fact do not predominate amongst all the

23  employees in the proposed class.  Under the current definitions, determining whether

24  one is a member of the Class proposed by Plaintiff would require that each and every

25  current and former employee's payroll and time records be meticulously reviewed

26  and individually analyzed to determine whether or not they earned shift differential

27  pay or lead pay.  Indeed, Plaintiff himself cannot definitively represent to this Court

28  that he is an adequate representative of the Class he proposed or that his claims are

8

1   typical of the Class, because he would have to analyze his own payroll and shift

2   records first to determine if he earned shift differential pay or lead pay.[2]  Such

3   individual determinations would be required for each and every member of the class

4   as to each and every cause of action in the SAC.  Thus, it is clear that individual

5   issues predominate over class issues, such that the predominance requirement under

6   Rule 23(b)(3) is not met by the Class definition in the SAC.

7       Second, class treatment is not the superior method to resolve the claims herein.

8   Under the proposed class definition, the parties and the Court would have

9   "difficulties in management of the class."   The 9th Circuit has held "that when the

10  complexities of class action treatment outweigh the benefits of considering common

11  issues in one trial," class action treatment is not the "superior" method of

12  adjudication. (*Zinser, supra* at 1192 [citing *Valentino v. Carter-Wallace, Inc.*, 97

13  F.3d 1227, 1234-35 (9th Cir.1996)].)

14      Here, the class definitions fail to show the superiority of resolving Plaintiff's

15  claims through the class action mechanism because at the outset, the Court or the

16  parties will have to review all of the employee's files to determine who is in the class

17  and who is excluded.  Moreover, discovery will have to done by Plaintiff and suffered

18  by Sky Chefs, even before knowing who is in the class.  Indeed, it is certain that some

19  of the employees for whom discovery will be conducted by Plaintiff will eventually

20  be excluded.  Considerations of discovery are relevant, because Defendant has a due

21  process right not to be unduly burdened with unnecessary discovery, and the

22  employees have privacy rights that must also be protected.

23      Finally, class treatment is not superior because the class proposed by Plaintiff

24  does not protect all potential class members and because Defendant still runs the risk

25  of numerous individual claims.  The class definition excludes those who have

26
27
28

---

[2] In fact, Plaintiff did earn lead pay during the Class period, and is therefore, not an adequate class representative.  However, Defendant is not arguing this issue in this Motion to Dismiss and does not waive its right to raise this issue on a class certification or summary judgment motion.

NOTICE OF MOTION AND MOTION TO DISMISS SECOND AMENDED COMPLAINT PURSUANT TO F.R.C.P.
12(b)(1) and 12(b)(6)

1  received shift differential or lead pay, which are simply premium rates of pay for

2  working preferential shifts or for being a lead employee in a department.   However,

3  those who received lead pay or shift differential may have similar claims for

4  minimum wages, unpaid earned wages, improperly calculated overtime pay, meal

5  periods, wage statements and waiting time penalties.  For this reason, it is clear that

6  not all the potential class members are protected or treated fairly under the current

7  class definitions.

8       Further, there is also a significant risk to Defendant if the Court proceeds with

9  the current Class definition.  From the perspective of Defendant, there is a certain

10  threat that future similar claims will continue even after this action is resolved.

11  Indeed, Defendant faces the distinct possibility that the excluded employees will have

12  access to prior adverse rulings in this case which they can use against Defendant in

13  their future claims.

14       The fact that Plaintiff cannot allege a proper class definition at this early stage

15  indicates that common questions of fact or law do not predominate and that the class

16  method is not the superior method of resolving the issues raised in the SAC.

17  Accordingly, the Court should dismiss the class allegations and definitions of the

18  SAC for failure to state a claim.

19  **D.    The "Bonus Class" Does Not Satisfy The Predominance And**

20  **Superiority Requirements Of Rule 23(B)(3)**

21       Even without the exclusion for shift pay and differential pay, the Bonus Class

22  definition set forth in the SAC fails to allege an ascertainable class under Rule

23  23(b)(3).  (*See* SAC, ¶4(C).)  The Bonus Class is defined as California non-exempt

24  employees of Defendant "who received non-discretionary bonuses yet

25  DEFENDANTS failed to include the bonuses and/or other forms of remuneration

26  when calculating the rates of employees' overtime wages."  Similar to the Class

27  exclusion for shift differential and lead pay discussed above, this Class definition by

28  its very terms requires that each individual employees' payroll records be reviewed

10

and analyzed to determine if that employee earned a bonus.  Moreover, such non-discretionary bonuses may only have been available to certain departments of non-exempt employees and eligibility for such bonuses may have been dependent upon the performance of individual employees or departments.

For example, as provided in the Sky Chefs/ Unite Here CBA which the Court has previously judicially noticed, only employees in departments that met customer safety and quality standards were entitled to such a bonus.  (*See* CBA, §23, p. 37, Murray Decl., ¶4, Ex. A.)  Moreover, only employees with 6 months or more Company seniority and on active payroll as of the payout of the bonus are eligible to receive this bonus.  Therefore, to determine whether employees received such bonuses and if overtime was improperly calculated, it is a certainty that individual records of employees will need to be analyzed to determine if bonuses were ever received and thus, if overtime was improperly calculated.  Accordingly, the Bonus Class is not an appropriate class for purposes of a class action under Rule 23(b)(3) because it does not meet the predominance or superiority requirements, and the Third Cause of Action which is dependent upon the Bonus Class definition, should be dismissed without leave to amend.

### E.     The "Meal Period" Class Does Not Meet The Predominance And Superiority Requirements Of Rule 23(B)(3)

The SAC's Meal Period Class defines its members as those non-exempt California employees who were not provided with first and/or second meal periods to which they were entitled.  California Labor Code section 512(a) provides that "[a]n employer may not employ an employee for a work period of more than five hours per day without providing the employee with a meal period of not less than 30 minutes...." (Cal. Lab. Code §512(a); *see also* Cal. Lab. Code § 226.7(a) [an employer who "fails to provide" an employee a due meal period must pay an additional hour of pay].)  Further, under section 512(a) "[a]n employer may not employ an employee for a work period of more than 10 hours per day without

11

1  providing the employee with a second meal period of not less than 30 minutes, except
2  that if the total hours worked is no more than 12 hours, the second meal period may
3  be waived by mutual consent of the employer and the employee only if the first meal
4  period was not waived." An employer's duty with respect to meal breaks under
5  section 512, subdivision (a) is an obligation to **provide** a meal period to its
6  employees. (*See Brinker Rest. Corp. v. Superior Court*, 53 Cal. 4th 1004, 1040-41
7  (2012).) The employer satisfies this obligation if it relieves its employees of all duty,
8  relinquishes control over their activities and permits them a reasonable opportunity to
9  take an uninterrupted 30–minute break, and does not impede or discourage them from
10  doing so. (*Id.*)

11       On its face, the Meal Period Class fails to meet the requirements under Rule
12  23(b)(3) because of the numerous analyses that will need to be conducted on an
13  individual basis. It is already the policy of Sky Chefs, pursuant to the previously
14  judicially noticed CBA, to provide all regularly scheduled employees such as Plaintiff
15  with one meal period, no matter the minimum number of hours worked. Further,
16  pursuant to the CBA, Sky Chefs provides employees working ten (10) hours days
17  with two meal periods. (*See CBA, §8, p. 23, Murray Decl., Ex. A.*)

18       Under the *Brinker* Court's holding, Sky Chefs complies with the law by
19  providing its employees their required meal break. Consequently, in order to
20  determine a class member's right to recovery for missed meal periods, not only will
21  Plaintiff have to conduct an individual analysis of each employee's time cards to
22  determine if first or second meal periods were not taken, but Plaintiff will also need
23  to conduct discovery into the reasons why each employee did not take a first or
24  second meal period. For example, where an employee legally waived his or her first
25  or second meal period by mutual consent, he or she would not be entitled to recover.

26       Accordingly, the Meal Period Class is not a properly pled class definition, on
27  its face and the Fourth Cause of Action should be dismissed without leave to amend.
28  / / /

NOTICE OF MOTION AND MOTION TO DISMISS SECOND AMENDED COMPLAINT PURSUANT TO F.R.C.P.
12(b)(1) and 12(b)(6)

IV. **MOTION TO DISMISS THE THIRD CAUSE OF ACTION FOR FAILURE TO CALCULATE OVERTIME AT THE PROPER RATE PURSUANT TO F.R.C.P. 12(B)(1) AND THE FEDERAL RAILWAY LABOR ACT**

On a motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1), a district court will accept all factual allegations of the complaint as true and draw reasonable inferences in favor of the non-moving party. (*Balistreri v. Pacifica Police Dept.*, 901 F. 2d 696, 699 (9th Cir. 1988).) Rule 12 (b) (1) is designed to screen out cases wherein the court lacks subject matter jurisdiction. (*Thornhill Publishing Co. v. General Tel. & Electronics*, 594 F.2d 730, 733 (9th Cir. 1979).)

Lack of subject matter jurisdiction is a proper basis for a motion to dismiss, and such grounds for a motion to dismiss can never be waived. (*See* F.R.C.P. 12(h)(3).) A motion to dismiss for lack of subject matter jurisdiction can be raised by a party or it can be raised *sua sponte* by the court before or after trial, and even for the first time on appeal. (*Westlands Water Dist. v. Firebaugh Canal*, 10 F.3d 667, 673 (9th Cir. 1993).) Indeed, the Federal Rules of Civil Procedure provide that the Court *must* dismiss a complaint "if the court determines at any time that it lacks subject-matter jurisdiction. . ." (*See* F.R.C.P. 12(h)(3).)

In this case, the Court lacks subject matter jurisdiction over the Third Cause of Action in Plaintiff's SAC, because the disputes raised by Plaintiff are subject to the grievance procedures mandated by the CBA applicable to Plaintiff and Sky Chefs, and therefore, are preempted by the Railway Labor Act. Accordingly, the SAC should be dismissed with prejudice.

A. **The RLA Applies To Sky Chefs, Inc.**

The collective bargaining agreement between Sky Chefs and Plaintiff's union, Unite Here, is covered by the RLA. (*See Westbrook v. Sky Chefs*, 35 F.3d 316, 317 (7th Cir. 1994) ["The RLA governs relations between employers that are rail or air carriers or that engaged in other related activities and their union employees. Related

13

1   companies include any which are *directly or indirectly controlled* by the carrier."]; 45

2   U.S.C § 151.)  In 1988, the National Mediation Board, after a hearing on the issue,

3   issued an advisory opinion, which stated that Sky Chefs was subject to a 'substantial

4   ... degree of control' by the airlines for which it worked, and that its employees were

5   therefore subject to the jurisdiction of the RLA. (*Sky Chefs, Inc.*, 15 NMB 397

6   (1988).)

7          Today,  Sky Chefs still operates the same core business of airline catering, is

8   still subject to the control of its airline customers, and after  the 1988 National

9   Mediation Board opinion, is now a wholly-owned subsidiary of Deutsche Lufthansa

10  AG, a German entity, which owns and operates Lufthansa Airlines. (*See* Murray

11  Decl., ¶5.)  Sky Chefs mainly operates to provide in-flight food and beverage catering

12  services to hundreds of airline carriers in and out of the United States and maintains

13  40 kitchens on or near most major airports throughout the United States. (*See* Murray

14  Decl., ¶6-7.)  Further, the contracting carrier, whether United, Delta, or American,

15  exercises significant control in Sky Chefs' daily operations.  This includes dictating

16  food preparation, precise menus and even how the food appears on the plate, staying

17  in contact with Sky Chefs via a computer system, conducting unannounced kitchen

18  and other inspections, implementation of specific rules applicable to the employees'

19  performance of services, training of certain employees, and recommendation of

20  discipline and termination of certain employees.  (*See* Murray Decl., ¶8.)

21  Accordingly, not only is Sky Chefs owned by an airline, airline companies continue

22  to maintain an extensive amount of control over the day-to-day operations of Sky

23  Chefs' business.

24         Therefore, the CBA between Sky Chefs and Unite Here, which governs

25  Plaintiff's employment with Sky Chefs, is properly subject to the RLA.

26  / / /

27  / / /

28  / / /

14

**B.     The Third Cause Of Action Is Preempted By the RLA**

The Third Cause of Action of the SAC is preempted by the RLA because this Court cannot resolve Plaintiff's claims regarding improperly calculated overtime rate of pay without interpreting and/or applying the CBA.  "Congress intended the RLA to preempt only those disputes 'involving the interpretation or application of existing labor agreements.' "  (*Espinal v. Northwest Airlines*, 90 F.3d 1452, 1456 (9th Cir. 1996) (citing *Hawaiian Airlines, Inc. v. Norris*, 512 U.S. 246, 256 (1994).)  "To determine whether [a] claim is preempted by the RLA, courts should apply the preemption test used in cases under the Labor Management Relations Act ('LMRA'), 29 U.S.C. § 185."  (*Id.*)

"Section 301 [of the LMRA] preempts state law claims that require the court to interpret a CBA provision that is reasonably relevant to the resolution of the dispute." (*Ward v. Circus Circus Casinos, Inc.*, 473 F.3d 994,997-98 (9th Cir. 2007).)  "If the claim requires the court to "interpret," rather than merely 'look to,' the collective bargaining agreement, then the claim is substantially dependent thereon and is preempted by section 301."  (*Lara v. San Bernardino Steel Inc.*, 2011 U.S. Dist. LEXIS 110046, *8 (C.D. Cal. 2011).)  In this case, the Court cannot adjudicate the Third Cause of Action without interpreting and/or applying the CBA.

The leading case in the area of RLA preemption of state wage and hour law is *Adames v. Executive Airlines, Inc.*, 258 F.3d 7 (1st Cir. 2001), with which the Ninth Circuit Court of Appeals has specifically acknowledged agreement.  (*See Firestone v. S. Cal. Gas Co.*, 281 F.3d 801, 802 (9th Cir. 2002). )  In *Adames*, plaintiffs claimed, in relevant part, that Executive Airlines failed to compensate them for work time, failed to pay them overtime pay and failed to provide compensated meal periods. The First Circuit Court of Appeals held that claims under Puerto Rico laws dealing with wages, overtime pay, meal periods and other matters all required interpretation of a collective bargaining agreement and were preempted by the RLA.

/ / /

15

1    The *Adames* court recognized that Puerto Rico law (just like California) "relies
2  on conventional pay mechanisms, such as hourly wages, which may not reflect
3  methods of remuneration in the airline industry." (*Adames, supra*, at 13.)  Further,
4  "the peculiarities of [airline] industry-specific wage and benefit structures are
5  apparent in the collective bargaining agreement between [employees] and [the
6  airline]." (*Id.*)

7    For example, in addressing the plaintiffs' overtime claims, the *Adames* court
8  found that interpretation of the collective bargaining agreement was necessary to
9  determine the plaintiffs' base pay, effective hourly salaries, and method for
10 calculating the correct overtime rate. (*Adames, supra*, at 13; *see also Firestone v. S.*
11 *Cal. Gas Co.*, 219 F.3d 1063, 1066 (9th Cir. 2000) [finding that a California state
12 overtime claim was preempted because resolution of the claim required an
13 interpretation of a collective bargaining agreement to determine the "regular rate"].)

14   Here, Plaintiff claims in his Third Cause of Action that Sky Chefs did not
15 properly calculate his overtime by including all forms of remuneration, including
16 bonuses, in the overtime rate of pay.  The CBA, which covers Plaintiff's
17 employment, specifically addresses the issues of overtime, overtime calculation, and
18 incentive pay. (*See* Murray Decl., ¶4.)  Specifically, the CBA covers bonuses and
19 incentive plans, the employees entitled to such bonuses, and the amounts of and
20 payment schedule of such bonuses. (*See* CBA, §§23 and 25, p. 37, Murray Decl., ¶4,
21 Ex. A.)  Pursuant to the terms of these bonuses and incentive plans, only under
22 specific circumstances would certain employees be entitled to bonuses. (*Id.*)
23 Thus, whether Plaintiff can prevail on the Third Cause of Action his claims depends
24 on an interpretation of the CBA between Unite Here and Sky Chefs, as well as the
25 course of conduct and past practices of Sky Chefs and the union, to identify the types
26 of bonuses available, how those bonuses were calculated, and which of the Class
27 members were even entitled to such bonuses. (*See Comm. Workers of America v.*
28 *Pacific Northwest Bell Tele. Co.*, 337 F.2d 455,459 (9th Cir. 1964)["The very nature

16

1  of a collective bargaining agreement requires that it be read in light of bargaining

2  history and the history of the parties' own interpretations." ].)

3      Therefore, because the CBA must be interpreted before any relief can be

4  granted to Plaintiff on the Third Cause of Action, this claim is preempted by the RLA

5  and must be dismissed, without leave to amend.

6  **V.    MOTION TO STRIKE**

7      In the event that this Court declines to dismiss the class definitions and

8  allegations contained in Plaintiff's SAC, as discussed in Section III above, Defendant

9  hereby moves for the alternative relief of striking the class allegations premised upon

10  these class definitions. A district court "has authority to strike class allegations prior

11  to discovery if the complaint demonstrates that a class action cannot be maintained."

12  (*Hovespian v. Apple, Inc.*, No. 08-5788, 2009 U.S. Dist. LEXIS 11752, at *5 (N.D.

13  Cal. Dec. 17, 2009); *accord Kamm v. Cal. City. Dev. Co.*, 509 F.2d 205, 210 (9th Cir.

14  1975).)

15      Here, because all of the Class allegations are dependent upon the defective

16  Class definitions for the Minimum Wage Class, Earned Wages Class, Bonus Class,

17  Meal Period Class, Wage Statement Class and Waiting Time Class, the Class

18  allegations must be stricken, leaving only Plaintiff's individual claim.

19  ///
20  ///
21  ///
22  ///
23  ///
24  ///
25  ///
26  ///
27  ///
28  ///

17

1  ## VI.   __CONCLUSION__

2      Plaintiff has had three attempts to set forth class definitions and allegations that

3  satisfy the pleading requirements of *Twombly* and the class requirements of Federal

4  Rule of Civil Procedure 23(a) and (b)(3).  Indeed, this latest iteration of the complaint

5  comes after Plaintiff's counsel promised the Court that he would rectify it

6  deficiencies.  Unfortunately, the amendments to the class definitions create new and

7  more problematic issues, which require the requested remedy in this motion.  It is

8  now apparent that this action cannot proceed as a class.

9      Accordingly, and in light of the foregoing deficiencies, Defendant SKY

10 CHEFS, INC. respectfully requests that this Court grant the instant Motion and the

11 relief requested.

12

13 Date: February 20, 2013          **CONSTANGY, BROOKS & SMITH LLP**

14

15

16                                 By: _____

17                                      OSCAR E. RIVAS, ESQ.
                                        SUMITHRA R. ROBERTS, ESQ.
18                                      Attorneys for Defendant SKY CHEFS, INC.

19

20

21

22

23

24

25

26

27

28

NOTICE OF MOTION AND MOTION TO DISMISS SECOND AMENDED COMPLAINT PURSUANT TO F.R.C.P.
12(b)(1) and 12(b)(6)

**PROOF OF SERVICE**
**UNITED STATES DISTRICT COURT, NORTHRN DISTRICT OF CALIFORNIA**
CASE NAME: NAME: *Cesar Cruz v. Sky Chefs, Inc.*
CASE NO: CIV-C12-02705 DMR

*I declare as follows:*

I am employed in the County of Los Angeles, California. I am over the age of 18 years, and not a party to the within action; my business address is 15760 Ventura Boulevard, Suite 1200, Encino, California 91436. I am readily familiar with my employer's business practice for collection and processing of correspondence for mailing with the United States Postal Service. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing affidavit.

On February 20, 2013, I served a true and correct copy, with all exhibits, of the following documents described as:

**NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT PURSUANT TO F.R.C.P. 12(b)(6) and 12 (b)(1), OR ALTERNATIVELY, MOTION TO STRIKE CLASS ALLEGATIONS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

☐  On the party or parties named below, by personally delivering a true copy thereof on _____ _____ at approximately _____ at Sherman Oaks, California. Accepted by:_____ (Personal service)

☑  on the party or parties named below, by following ordinary business practice, placing a true copy thereof enclosed in a sealed envelope, for collection and mailing with the United States Postal Service, where it would be deposited for first class delivery, postage fully prepaid, in the United States Postal Service, that same day in the ordinary course of business, addressed as set forth below. (State/Regular office deposit)

☐  on the interested parties in the within action by placing the above documents in the United States mail for Express Mail delivery at 15760 Ventura Boulevard, Encino, California 91436 in a sealed envelope, with Express Mail postage thereon fully prepaid; by depositing copies of the above documents in a box or other facility regularly maintained by Federal Express, in an envelope or package designated by Federal Express Airbill No._____, with delivery fees paid by sender's account. (Code of Civil Procedure §1013(c).) (Overnight delivery service)

☐  on the interested parties in the within action by transmitting via facsimile machine to the name(s) and facsimile number(s) set forth below. (Facsimile)

☑  I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made. (Federal)

| | |
|---|---|
| Joseph Lavi, Esq.<br>LAVI & EBRAHIMIAN, LLP<br>8889 W. Olympic Blvd., Suite 200<br>Beverly Hills, CA 90211 | Attorneys for Plaintiff<br><br>Tel: (310) 432-0000<br>Fax: (310) 432-0001 |

I certify under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that this declaration was executed on February 20, 2013, at Encino, California.

By _____
Signature of Declarant

By:   LAURIE GUTIERREZ
Type or Print Name of Declarant

1