UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CESAR CRUZ, on behalf of himself and others similarly situated<br><br>Plaintiffs,<br><br>v.<br><br>SKY CHEFS, INC. ET.AL.,<br><br>Defendants.<br>_____/ | No. C-12-02705 DMR<br><br>**ORDER DENYING DEFENDANT SKY CHEFS, INC.'S MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT** |

Defendant Sky Chefs, Inc. ("Sky Chefs") filed a Motion to Dismiss Plaintiff's Second Amended Complaint Pursuant to F.R.C.P. 12(b)(6) and (12)(b)(1) or Alternatively, Motion to Strike Class Allegations ("Motion"). [Docket No. 38.] This matter is appropriate for determination without oral argument. Civil L.R. 7-1(b). For the reasons stated below, the Motion is denied.

**I. Background**

Sky Chefs, a business which provides in-flight food and beverage catering services to numerous airline carriers within the United States, hired Plaintiff Cesar Cruz ("Plaintiff") in July 1996 as an assembler. Declaration of Franklin Bruce Murray ("Murray Decl.") [Docket No. 38-1] at ¶¶ 2, 6. During his employment, Plaintiff was a member of the Unite Here International Union (SFO/Union Local 2), and his relationship with Sky Chefs was governed by a collective bargaining agreement ("the CBA"). *Id.* at ¶¶ 3-4, Ex. A.

Plaintiff filed this putative class action on March 16, 2012 in Alameda County Superior Court. [*See* Docket No. 1 at 2.] On May 23, 2012, Plaintiff amended his complaint to state nine California state law causes of action against Sky Chefs and LSG Lufthansa Service Holding AG, dba LSG Sky Chefs.[1] On May 25, 2012, Sky Chefs removed the case to federal court, basing federal jurisdiction on the Class Action Fairness Act, 28 U.S.C. § 1332(d). [Docket No. 1.]

On October 5, 2012, Sky Chefs filed a motion to dismiss Plaintiff's complaint on the grounds that his claims are preempted by the Railway Labor Act ("RLA"). [Docket No. 20.] The court held a hearing on the motion on December 20, 2012. During the hearing, Plaintiff represented to the court that he would limit all claims to encompass only class members who had never received a shift differential or lead pay during the class period. He also stipulated to dismiss the third cause of action for overtime wages. He further conceded that he does not dispute the rate at which Sky Chefs calculated overtime pay as shown on the paystubs, except for Sky Chefs' alleged failure to include earned bonuses (as indicated on the paystubs) in its calculation of the regular rate of pay. Order Denying Motion to Dismiss First Amended Complaint [Docket No. 30] at 2-3. In light of these representations, Sky Chefs conceded that resolution of Plaintiff's claim for failure to pay overtime wages at the proper rate under California Labor Code §§ 510 and 1194 and the wage order (the "overtime wages rates claim") would not require the court to interpret the CBA and, therefore, would not be preempted by the RLA. *Id.* at 2-3. The parties' concessions resulted in one remaining issue in Sky Chefs' motion to dismiss. The court denied the motion and held that the RLA, which applies to Sky Chefs and its employees, did not preempt Plaintiff's California minimum wage claim because "resolution of this dispute turns merely on the number of hours worked by Plaintiff and putative class members, and whether they received the minimum wage for that time . . . . The court

---

[1] The court subsequently dismissed all claims against Defendant LSG Lufthansa Service Holding AG dba LSG Sky Chefs without prejudice pursuant to the parties' stipulation. [Docket No. 19.] Plaintiff filed a Second Amended Complaint ("SAC") [Docket No. 32], which again named as defendant Lufthansa Service Holding AG dba LSG Sky Chefs. The parties subsequently filed a joint statement, in which Plaintiff clarified that he had erroneously named LSG Sky Chefs as a defendant, that LSG Sky Chefs was never served with the SAC, and that "LSG Sky Chefs is, in fact, dismissed from the action." Joint Statement [Docket No. 49] at 2.

will not have to interpret the CBA to resolve the claim." *Id.* at 5-6. The court also dismissed Plaintiff's third cause of action pursuant to the parties' stipulation.

On January 16, 2013, Plaintiff filed the SAC, alleging eight causes of action against Sky Chefs: (1) failure to pay wages for compensable work at minimum wage pursuant to California Labor Code §§ 1194 and 1197 ("minimum wage claim"), (2) failure to pay earned wages for compensable time in violation of California Labor Code § 204 ("earned wages claim"), (3) failure to pay overtime wages at the proper rate under California Labor Code §§ 510 and 1194 and the wage order ("overtime wages rate claim"), (4) failure to provide required meal periods pursuant to California Labor Code §§ 226.7 and 512 ("meal period claim"), (5) failure to provide complete and accurate wage statements in violation of California Labor Code § 226 ("wage statements claim"), (6) failure to pay all wages timely upon separation of employment in accordance with California Labor Code §§ 201 and 202 ("timely payment of wages claim"), (7) unfair competition pursuant to California Business and Professions Code § 17200 ("unfair competition claim"), and (8) a request for civil penalties under the Labor Code Private Attorneys General Act of 2004 ("PAGA"), California Labor Code § 2698 *et seq.* ("PAGA claim"). SAC at ¶¶ 33-90.

In the SAC, Plaintiff offered the following class definitions:

A. **Minimum Wage Class:** All current and former non-exempt employees, excluding non-exempt employees that received shift differential or lead pay, employed by DEFENDANTS in California at any time between March 16, 2008, through the date notice is mailed to a certified class, who were under control of DEFENDANTS during time they were engaged, suffered, or permitted to work and DEFENDANTS did not pay wages for that time at least at the legal minimum wage rate.

B. **Earned Wages Class:** All current and former non-exempt employees, excluding non-exempt employees that received shift differential or lead pay, employed by DEFENDANTS in California at any time between March 16, 2008, through the date notice is mailed to a certified class who were under control of DEFENDANTS during time they were engaged, suffered or permitted to work and DEFENDANTS did not pay those earned wages at the employees' regular rate of pay.

C. **Bonus Class**: All current and former non-exempt employees, excluding nonexempt employees that received shift differential or lead pay, employed by DEFENDANTS in California at any time between March 16, 2008, through the date notice is mailed to a certified class, who were under control of DEFENDANTS during time they were engaged, suffered or permitted to work and who received non-discretionary bonuses yet DEFENDANTS failed to include the bonuses and/or other forms of remuneration when calculating the rates of employees' overtime wages.

3

D. **Meal Period Class**: All current and former non-exempt employees, excluding non-exempt employees that received shift differential or lead pay, employed by DEFENDANTS in California at any time between March 16, 2008, through the date notice is mailed to a certified class who worked without all the uninterrupted, duty-free meal periods to which they were entitled due to DEFENDANTS' policies, practices and procedures.

E. **Wage Statement Class**: All current and former non-exempt employees, excluding non-exempt employees that received shift differential or lead pay, employed by DEFENDANTS in California at any time between March 16, 2008, through the date notice is mailed to a certified class who received inaccurate or incomplete wage statements.

F. **Waiting Time Class**: All current and former non-exempt employees, excluding non-exempt employees that received shift differential or lead pay, employed by DEFENDANTS in California at any time between March 16, 2008, through the date notice is mailed to a certified class who did not receive payment of all unpaid wages with the statutory time period.

SAC at 9-10.

Sky Chefs filed this Motion requesting that the court dismiss the class allegations pursuant to Federal Rule of Civil Procedure 12(b)(6). Sky Chefs argues that (1) the class allegations do not allege sufficiently ascertainable classes, (2) individual questions of fact predominate, and (3) class treatment is not the superior method for resolving the claims of the class. In the alternative, Sky Chefs moves the court to strike the class allegations pursuant to Federal Rule of Civil Procedure 12(f). Sky Chefs also moves to dismiss the overtime rate claim pursuant to Federal Rule of Civil Procedure 12(b)(1) because it is preempted by the RLA.

The parties filed consents to this court's jurisdiction pursuant to 28 U.S.C. § 636(c). [Docket Nos. 9, 13.] The court therefore may enter judgment in the case. *See* 28 U.S.C. § 636(c)(1); Fed. R. Civ. P. 72(b); N.D. Cal. Civ. L.R. 72-1.

## II. Applicable Law

A court will dismiss a party's claim for lack of subject-matter jurisdiction "only when the claim is so insubstantial, implausible, foreclosed by prior decisions of th[e Supreme] Court, or otherwise completely devoid of merit as not to involve a federal controversy." *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 89 (1998) (citation and quotation marks omitted); *see* Fed. R. Civ. P. 12(b)(1). When reviewing a Rule 12(b)(1) motion, the court sculpts its approach according to whether the motion is "facial or factual." *White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000). A

facial challenge asserts that "the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction." *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). A factual challenge asserts that subject-matter jurisdiction does not exist, independent of what is stated in the complaint. *White*, 227 F.3d at 1242. In contrast with a facial challenge, a factual challenge permits the court to look beyond the complaint, without "presum[ing] the truthfulness of the plaintiff's allegations." *Id.* Even the presence of disputed material facts "will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." *Roberts v. Corrothers*, 812 F.2d 1173, 1177 (9th Cir. 1987). To successfully rebut a factual challenge in a motion to dismiss, the non-moving party "'must furnish affidavits or other evidence necessary to satisfy its burden of establishing subject matter jurisdiction.'" *White v. Astrue*, Case No. 10-CV-2124-CRB, 2011 WL 900289 at *3 (N.D. Cal. Mar. 15, 2011) (quoting *Savage v. Glendale Union High Sch.*, 343 F.3d 1036, 1040 n.2 (9th Cir. 2003)).

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the claims alleged in the complaint. *See Parks Sch. of Bus., Inc. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995). When reviewing a motion to dismiss for failure to state a claim, the court must "accept as true all of the factual allegations contained in the complaint," *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (citation omitted), and may dismiss the case "only where there is no cognizable legal theory" or there is an absence of "sufficient factual matter to state a facially plausible claim to relief." *Shroyer v. New Cingular Wireless Servs., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009); *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001) (quotation marks omitted). A claim has facial plausibility when a plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citation omitted). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 555 (2007) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)); *see Lee v.*

*City of L.A.*, 250 F.3d 668, 679 (9th Cir. 2001), *overruled on other grounds by Galbraith v. Cnty. of Santa Clara*, 307 F.3d 1119 (9th Cir. 2002). In reviewing a motion to dismiss, courts may consider documents attached to the complaint. *Parks,* 51 F.3d at 1484 (citation omitted).

Under Federal Rule of Civil Procedure 12(f), the court may strike "any insufficient defense or any redundant, immaterial, impertinent or scandalous matter." A motion to strike is properly granted where plaintiff seeks a form of relief that is not available as a matter of law. *Rosales v. Citibank, Federal Savings Bank,* 133 F.Supp.2d 1177, 1180 (N.D. Cal. 2001) ("Under Federal Rule of Civil Procedure 12(f), a party may move to strike 'any redundant, immaterial, impertinent, or scandalous matter.' . . . This includes striking any part of the prayer for relief when the relief sought is not recoverable as a matter of law").

In ruling on a motion to strike under Rule 12(f), the court must view the pleading in the light most favorable to the nonmoving party. *See California v. United States,* 512 F.Supp. 36, 39 (N.D. Cal.1981). Thus, "[b]efore granting such a motion . . . the court must be satisfied that there are no questions of fact, that the [claim or] defense is insufficient as a matter of law, and that under no circumstance could [it] succeed." *Tristar Pictures, Inc. v. Del Taco, Inc.,* Case No. 99-CV-07655 DDP, 1999 WL 33260839 at *1 (C.D. Cal. Aug. 31, 1999); *Cholakyan v. Mercedes-Benz USA, LLC*, 796 F. Supp. 2d 1220, 1244-45 (C.D. Cal. 2011).

### III. Discussion

**A. Rule 12(b)(6) Motion to Dismiss and Rule 12(f) Motion to Strike Class Allegations**

Sky Chefs argues that the class definitions in the SAC are insufficient. It challenges Plaintiff's class allegations pursuant to Rule 12(b)(6). In the alternative, Sky Chefs moves to strike the class allegations pursuant to Federal Rule of Civil Procedure 12(f).

Sky Chefs fails to identify any Ninth Circuit authority permitting the use of a Rule 12 motion to dismiss class allegations. It cites *Kamm v. Cal. City Dev. Co.*, 509 F.2d 205, 212 (9th Cir. 1975), which does not support its position. There, the Ninth Circuit upheld the district court's dismissal of class allegations where defendants had moved pursuant to Federal Rule of Civil Procedure 23 to dismiss the class action and to strike all class allegations. *Id.* at 207. Sky Chefs also cites *John v. Nat'l Sec. Fire & Cas. Co.*, in which the Fifth Circuit held that "[w]here it is facially apparent from

6

the pleadings that there is no ascertainable class, a district court may dismiss the class allegation on the pleadings." 501 F.3d 443, 445 (5th Cir. 2007). The plaintiffs in that case did not even contend that the class they proposed was ascertainable, and therefore their class allegations did not survive scrutiny under Rule 12(b)(6). *Id.*

At least one court in this district has ruled that Rule 12(b)(6) is not the appropriate vehicle to challenge class allegations. *Clerkin v. MyLife.Com*, Case No. 11-CV-0527-CW, 2011 WL 3809912 at *3 (N.D. Cal. Aug. 29, 2011). The *Clerkin* court denied the defendants' Rule 12(b)(6) motion to dismiss class allegations, holding that such arguments are more appropriately addressed through Rule 23 for procedural reasons:

> First, Rule 12(b)(6) permits a party to assert a defense that the opposing party has failed "to state a claim upon which relief can be granted." A class action is a procedural device, not a claim for relief. *See Deposit Guaranty Nat'l Bank v. Roper,* 445 U.S. 326, 331, 100 S.Ct. 1166, 63 L.Ed.2d 427 (1980). Second, other Federal Rules of Civil Procedure exist to address impertinent allegations and class certification. Thus, the use of Rule 12(b)(6) to address the same would create redundancies in the Federal Rules. Finally, the standard of review applied to orders granting motions to dismiss differs from that governing orders granting or denying class certification. The Ninth Circuit reviews *de novo* orders dismissing claims pursuant to Rule 12(b)(6). *Whittlestone,* [*Inc. v. Handi–Craft Co.,*]618 F.3d 970, 974 [(9th Cir.2010)]. Grants and denials of class certification, however, are reviewed for abuse of discretion. *Marlo v. United Parcel Serv.,* 639 F.3d 942, 946 (9th Cir. 2011).

*Id.* (directing defendants to present their arguments as an opposition to plaintiffs' motion for class certification).

In addition, as discussed at length in *Cholakyan,* many courts have recognized that the sufficiency of class allegations are better addressed through a class certification motion, after the parties have had an opportunity to conduct some discovery:

> While defendant cites several cases for the proposition that class allegations can be stricken at the pleadings stage, it is in fact rare to do so in advance of a motion for class certification. See, e.g., *In re Wal–Mart Stores, Inc. Wage and Hour Litig.,* 505 F.Supp.2d 609, 614–16 (N.D. Cal. 2007) ("the granting of motions to dismiss class allegations before discovery has commenced is rare"); *Moreno v. Baca,* No. CV007149ABC (CWx), 2000 WL 33356835 at *2 (C.D. Cal. 2000) (holding that defendants' motion to strike class allegations was premature because no motion for class certification had been filed); *Myers v. MedQuist, Inc.,* No. 05-4608, 2006 WL 3751210 at *4 (D.N.J. 2006) (declining to strike class allegations because discovery had not yet commenced and observing that most courts deny such motions if brought prior to discovery); *see also* 7AA Charles Alan Wright, Arthur R. Miller & Mary K. Kane, Federal Practice and Procedure Civil § 1785.3 (3d 2005) (noting that the practice employed in the overwhelming majority of class actions is to

resolve class certification only after an appropriate period of discovery). *See also In re Saturn L–Series Timing Chain Prods. Liab. Litig.,* No. MDL 1920, 08:07CV298, 08:08CV79, 2008 WL 4866604, *24 (D. Neb. Nov. 7, 2008) ("While Defendants note potential difficulties this Court may face in defining the class, these concerns do not justify a premature dismissal of all class allegations prior to the class certification stage. Defendants' arguments in support of premature dismissal are not persuasive since the cases they cite warranted premature dismissal on grounds that do not exist in this case. Even where 'plaintiffs' class definitions are suspicious and may in fact be improper, plaintiffs should at least be given the opportunity to make the case for certification based on appropriate discovery of, for example, the . . . lists that they claim will identify the class members,' " citing *In re Wal–Mart Stores* [*Inc. Wage and Hour Litigation*, 505 F.Supp.2d 607, 615 (N.D. Cal. 2007)]; *In re NVIDIA GPU Litig.,* No. C 08–04312 JW, 2009 WL 4020104, *13 (N.D. Cal. Nov. 19, 2009) ("A determination of the ascertainability and manageability of the putative class in light of the class allegations is best addressed at the class certification stage of the litigation"); *Shein v. Canon U.S.A., Inc.,* No. CV–08–07323CASEX, 2009 WL 3109721, *10 (C. D. Cal. Sept. 22, 2009) ("The Court finds that these matters are more properly decided on a motion for class certification, after the parties have had an opportunity to conduct class discovery and develop a record"); *In re Jamster Mktg. Litig.,* No. 05CV0819 JM (CAB), 2009 WL 1456632, *7 (S.D.Cal. May 22, 2009) ("Even though the arguments of [the defendant] may ultimately prove persuasive, the court declines to address issues of class certification at the present time. Piece-meal resolution of issues related to the prerequisites for maintaining a class action do not serve the best interests of the court or parties"); *Rosenberg v. Avis Rent A Car Sys.,* No. CIV A 07–1110, 2007 WL 2213642, *4 (E.D.Pa. July 31, 2007) (noting that defendant had used a motion to dismiss allegedly vague class action allegations "as an opportunity to attack the merits of the class itself" and concluding that such an attack was improper before a class certification motion had been filed); *Brothers v. Portage Nat'l Bank,* No. Civ. A 306–94, 2007 WL 965835, *7 (W.D.Pa. Mar. 29, 2007) (explaining that a Rule 12(b)(6) motion must not be used "as a vehicle for preempting a certification motion"); *Beauperthuy v. 24 Hour Fitness USA, Inc.,* No. 06–0715 SC, 2006 WL 3422198, *3 (N.D. sCal. Nov. 28, 2006) (finding that a motion to strike class allegations from a complaint "is an improper attempt to argue against class certification before the motion for class certification has been made and while discovery regarding class certification is not yet complete"); *Cole v. Asurion Corp.,* No. CV 06–6649PSGJTLX, 2008 WL 5423859, *14 (C.D. Cal. Dec. 30, 2008) ("Undoubtedly, addressing these arguments at a later date will require additional time and expense on the part of the defendants. But the Court is reluctant to preemptively deny Plaintiff at least the opportunity to present a motion for class certification").

*Id.*

In the present case, Sky Chefs has yet to file an answer and class discovery began only recently. Given the relatively early stage of the proceedings, it is premature to determine whether this matter should proceed as a class action. *Id.* (denying defendant's motion to strike class allegations because defendant had not filed answer and discovery had not yet begun). *See also In re Wal–Mart Stores Inc. Wage and Hour Litigation,* 505 F.Supp.2d 609, 615 (N.D. Cal. 2007) ("In the absence of any discovery or specific arguments related to class certification, the Court is not

prepared to rule on the propriety of the class allegations and explicitly reserves such a ruling"). Accordingly, the court denies Sky Chefs's motion to dismiss and motion to strike Plaintiff's class allegations.

**B. Rule 12(b)(1) Motion to Dismiss Overtime Wages Rate Claim**

Sky Chefs' motion to dismiss the overtime wages rate claim attempts to re-raise an argument that it has already conceded. At the December 20, 2012 hearing on the first motion to dismiss, Sky Chefs acknowledged on the record that this claim, as reformulated by Plaintiff, would not be preempted by the RLA. Nothing has changed in the SAC. Given its concession, Sky Chefs may not relitigate the point.

## IV. CONCLUSION

For the reasons stated above, the Motion is denied.

IT IS SO ORDERED.

Dated: May 6, 2013

DONNA M. RYU
United States Magistrate Judge

9