United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CESAR CRUZ,<br><br>        Plaintiff(s),<br><br>   v.<br><br>SKY CHEFS, INC. ET.AL.,<br><br>        Defendant(s).<br>_____/ | No. C-12-02705 DMR<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR PRELIMINARY APPROVAL OF CLASS SETTLEMENT [DOCKET NO. 82]** |

On August 12, 2014, the court held a hearing on Plaintiff Cesar Cruz's Second Motion for Preliminary Approval of Class Action Settlement reached with Defendant Sky Chefs, Inc. in this action. [Docket No. 82.]

The Court having read and considered the papers on the motion, the arguments of counsel, and the law, and good cause appearing therefore, Plaintiff's Motion is hereby GRANTED and IT IS ORDERED that:

1. The Proposed Settlement is preliminarily approved, subject to a final approval hearing of the Proposed Settlement (the "Fairness Hearing"). The Court finds that the Proposed Settlement falls within the range of possible final approval. The Court further finds that there is a sufficient basis for notifying Class Members of the Proposed Settlement.

2. As discussed in the hearing, the parties shall update all settlement materials, including the Settlement Agreement, Notice and the Claim Form, to make clear that the class period

1 runs from March 16, 2008 to December 12, 2013, and that no post-class period claims are being
2 released through this settlement.

3     2.    The Court hereby provisionally certifies the settlement class and subclass pursuant to
4 Federal Rule of Civil Procedure 23, preliminarily and solely for the purpose of settlement. The
5 settlement class is defined as: "any current or former hourly, non-exempt employee of Sky Chefs
6 who performed paid work for Sky Chefs in California from March 16, 2008 up to December 12,
7 2013, or if such person is incompetent or deceased, the person's guardian, executor, heir or
8 successor in interest."

9     3.    The Court hereby appoints CPT Group, Inc., to be the Settlement Administrator.

10     4.    The Court hereby appoints Joseph Lavi, Esq. of Lavi & Ebrahimian, LLP and Sahag
11 Majarian, II of Law Office of Sahag Majarian, II as counsel for the settlement class ("Class
12 Counsel").

13     5.    The Court hereby appoints Cesar Cruz as the representative for the settlement class
14 ("Class Representative").

15     6.    The Settlement Administrator shall mail out the Notice, Claim Form and a reminder
16 postcard as set forth in the Proposed Settlement.

17     7.    The Settlement Administrator shall be responsible for (1) preparing, printing, and
18 mailing to Class Members the Notice, the Claim Form and, as appropriate, reminder post cards; (2)
19 reviewing Claim Forms submitted by Settlement Class Members; (3) notifying the Parties of the
20 identity of Settlement Class Members that filed timely Claim Forms; (4) mailing Settlement Awards
21 to Settlement Class Members; (5) filing any required reports with the Court; and (6) for such other
22 tasks as the Parties mutually agree or the Court orders the Settlement Administrator to perform.

23     8.    <u>Mailing of Notice and Claim Form</u>. By **August 29, 2014**, Defendant shall provide
24 the Settlement Administrator with all requisite class member data and contact information. By
25 **September 18, 2014**, the Settlement Administrator shall mail a copy of the Notice, and the Claim
26 Form, to all Class Members by first class regular U.S. mail, in English and Spanish using the most
27 current mailing address information possessed by Defendant. The Settlement Administrator shall
28 engage in address searches consistent with the Settlement Agreement, including skip tracing. Any

returned envelopes from this mailing with forwarding addresses shall be utilized by the Settlement Administrator to forward the Notice and Claim Form to the Class Members.

        9.    <u>Returned Notices.</u> Notices returned to the Settlement Administrator as non-delivered shall require the Settlement Administrator to perform a skip-trace and send a Redirected Notice to the new or different address within **seven days**.

        10.    <u>Claim Form.</u> Each eligible Class Member who wishes to receive a Settlement Award must complete and submit a signed Claim Form to the Settlement Administrator by first class U.S. mail, or equivalent, postage paid and postmarked.

        11.    <u>Claims Receipt Deadline</u>. The complete and signed Claim Form must be mailed on or before **November 17, 2014.** If a Claim Form is mailed, the date of the postmark on the return envelope or postcard shall be the exclusive means used to determine whether a Class Member has timely returned his or her Claim Form by mail before the Claims Receipt Deadline; to be timely, a Claim Form sent by mail must be postmarked no later than the Claims Receipt Deadline.

        12.    <u>Requests for Exclusion ("Opt-Out") from Settlement</u>. Any Class Member may request to be excluded ("opt-out") from the Settlement provided in the Settlement Agreement by mailing a written request for exclusion to the Settlement Administrator by first class U.S. mail, or equivalent, postage paid and postmarked, on or before the Claims Receipt Deadline of **November 17, 2014**. To be valid, the written request for exclusion must include the Class Member's name, address, telephone number, a request for exclusion, and the last four digits of his or her social security number to confirm identity. If a Class Member submits to the Settlement Administrator a timely and valid Claim Form and a timely request to be excluded from the Settlement, the Settlement Administrator shall contact the Class Member to determine which option he or she prefers. If the Settlement Administrator cannot reach the Class Member, the Claim Form shall govern and the Request for Exclusion shall be deemed null and void.

        13.    <u>Mailing of Reminder Postcard.</u> The Settlement Administrator shall mail reminder postcards to Class Members that have not submitted a claim form or request for exclusion on **October 31, 2014.**

14. <u>Lists to Counsel</u>: By **November 24, 2014**, the Settlement Administrator shall provide Class Counsel and defense counsel with a complete list of all Class Members who have submitted Claim Forms, all Class Members who have submitted requests for exclusion, and all Class Members who have submitted deficient Claim Forms that may still be timely cured pursuant to paragraph 15 of this order.

15. <u>Deficient Claim Forms.</u> Any insufficient, illegible, or unsigned Claim Form shall be returned to the Class Member to cure the deficiency. The Class Member shall have **fifteen (15) days** from the mailing date or until **seven (7) days** before the Fairness Hearing date, whichever occurs first to cure the deficiency. If the deficiency is not timely cured, the Claim Form shall be deemed invalid and shall not be counted as a valid Claim Form.

16. <u>Objections to Settlement</u>. Class Members may object to the Settlement provided in the Settlement Agreement by filing a written objection with the Court and served on counsel for the Parties by **November 24, 2014.** Any Class Member who does not object to the Settlement on or before said date may not appeal the Final Judgment.

17. Any class member may enter an appearance in this action, either in propria persona or through their own attorney, at his/her own expense. Class Members who do not opt to appear individually or through counsel of their own choice will be represented by Class Counsel.

18. By **December 2, 2014**, the parties shall file a motion for final approval of the settlement. By **December 2, 2014**, Class Counsel shall submit a motion for attorneys' fees and costs, which shall include detailed billing records so that the court can perform a lodestar analysis. Class Counsel shall also submit any documentation in support of the plaintiff enhancement award.

19. By **December 4, 2014**, the parties shall file responses to all timely objections.

20. A Fairness Hearing will be held on **December 18, 2014 at 11:00 a.m.** to determine whether the Settlement should be granted final approval as fair, reasonable, and adequate as to the members of the Class, including the payment of attorneys' fees and costs, the Class Representative's enhancement fees, and the amount of the Settlement Awards to be paid to Settlement Class Members, including the methodology used in calculating such amounts.

21. Any class member who does not submit a timely request for exclusion from the

Settlement may appear at the final approval hearing in person or by his or her own attorney at his or her own expense, and object to the Settlement or the application for an award of attorney's fees and costs or the application for an enhancement for Plaintiff, but only if he or she has filed and served on counsel for the Parties a timely and valid objection by **November 24, 2014**.

22. The Court reserves the right to continue the date of the Fairness Hearing without further notice to class members.

IT IS SO ORDERED.

Dated: August 19, 2014



DONNA M. Ryu
United States Magistrate Judge

5